The People, etc., who sue for the use of Reuben Burg-stresser *et al.*, Plaintiffs in Error, *v.* John O. Randolph *et al.*, Defendants in Error.

ERROR TO TAZEWELL.

The statute of Wills authorizes several actions on an executor's bond.

This is a suit of The People, for the use of Burgstresser & Co., against Randolph and others, on an administrator's bond, in an action of debt, assigning as breaches the wasting and misapplying of the estate of Jonathan B. Wildey, deceased.

Declaration alleges an allowance of claim in favor of Burgstresser & Co., and assigning numerous breaches of bond.

The plea of defendants avers, that the defendants are impleaded in a plea of debt, of and upon the same identical writing obligatory in the said declaration in this suit mentioned, and by the said plaintiffs, which suit is still pending.

Demurrer to plea. Demurrer overruled.

The plaintiffs then filed replication to said plea, as follows:

And the said plaintiffs, by S. D. Puterbaugh, their attorney, come and say that, by anything in said plea of said defendants above pleaded, the plaintiffs' writ and declaration ought not to be quashed, because they say that the said action in said plea mentioned, in which plaintiffs impleaded the said defendants in a plea of debt, of and upon the same writing obligatory in the declaration in this cause mentioned, is brought by plaintiffs for the use of Margaret Hagerty, who claims also to be injured by reason of the neglect and improper conduct of said administrator, and not by plaintiffs, for the use of Burgstresser & Co., as in this action alleged against defendants. Wherefore, etc.

There was a demurrer to plaintiffs' replication, assigning as special causes, that the replication sets up new matter; that it does not traverse the facts as set forth in the plea, and concludes with a verification, when it should conclude to the country; and that it is otherwise uncertain and insufficient.

Leave was given to withdraw demurrer to defendants' plea, and to file replication. Defendants' demurrer to replication was sustained. Plaintiffs stood by their replication. Judgment for defendants.

The error assigned is, that the court below erred in sustaining demurrer to replication.

S. D. PUTERBAUGH, for Plaintiffs in Error.

C. C. BONNEY, and B. S. PRETTYMAN, for Defendants in Error.

WALKER, J. The record in this case presents the question, whether one recovery on an executor's bond may be pleaded as a bar to another recovery on the same instrument, in/ an action instituted for the benefit of another person. It is insisted that after a recovery, all persons who desire to recover damages for a breach of duty by the executor, must make themselves parties to the former recovery, by suing out a *sci. fa.* against him and his securities, and on its return, assign breaches on the record, and have their damages assessed. As a general rule, it is true that one recovery on an official bond bars the maintenance of further suits on it, but the party injured must resort to

a *sci. fa.*, and assign breaches on the record of the former recovery. But recoveries upon executors' bonds are regulated by the statute of Wills. The sixty-ninth section of that chapter has provided, that such bonds shall not become void on the first recovery thereon, but may be sued upon from time to time, until the whole penalty shall be recovered. The language of that section is so plain and explicit that other persons may again sue upon the bond after a recovery has already been had, that no room is left for construction. With this provision in force, we are at a loss to perceive how it could ever be doubted that subsequent suits might be brought until the entire penalty is exhausted. It would be hard to conceive how language could be employed which could more clearly confer the right. Where the legislature has, in so clear and unmistakable a manner, authorized such a proceeding, we have no right to say it was not designed to change the practice affecting suits on these bonds. The statute authorizes this suit, notwithstanding a former recovery upon this bond, and it must be obeyed.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*