## MAGNESS *v.* WALKER.

EVIDENCE—*Admissibility of wife*—The exclusion of the wife, when offered as a witness for the husband, at common law, was upon the ground of her interest in the subject matter, and when offered as a witness against the husband, on the ground of public policy; but our Constitution has made great innovations, upon the common law rule, respecting the exclusion on account of *interest*; admitting all parties in interest to testify.

WHEN WIFE COMPETENT.—Where the wife was agent for the husband in the making of the contract, she is competent to testify when called by the husband.

*Appeal from Independence Circuit Court.*

Hon. ELISHA BAXTER, Circuit Judge.

*Watkins & Rose,* for appellant.

We submit : 1. That where the wife is the agent of the husband, acting in his absence, then from the necessity of the case, the wife is competent. . *Town v. Lampshire, 37 Vt. 52. Littlefield v. Rice, 10 Metc. 287; Stanton v. Day, 378; 1 Gr. Ev. sec. 334, n. 1; Owen v. McCawley, 36 Barb. 55*; and our Constitution removes all incompetency on account of the witness being either a party to the record or a party in interest. *Art. 7, sec. 22.*

2. That wherever the husband is made competent, there the wife becomes competent also. *Ill. Cent. R. R. Co. v. Taylor, 24 Ill, 323; Mariam v. Hartford R.R. Co. 20 Conn. 363; Lockhart v Leeker, 36 Miss. 68.*

3. That confidential communications are excluded, unless at least, both husband and wife consent to their admission. *Rup v. Steamboat War Eagle, 14 Iowa, 376; Birdsell v. Dunn, 16 Wis. 225; Blake v. Graves, 18 Iowa, 312; Jordan v. Henderson, 19 ib. 565. See also generally Walker's Am. Law, 240; Ill. Cent. R. R. v. Taylor, 24 Ill. 323; Same v. Copland, ib. 335.*

GREGG, J.

The appellant brought suit for two hundred dollars, for rents; a trial was had before a justice of the peace, and he recovered $150. Walker appealed to the circuit court, where a trial was had *de novo,* and he recovered judgment for $6, against Magness, upon his set off, which had been filed in the court below; from which judgment Magness appealed to this court.

During the progress of this trial, various exceptions were taken to the rulings of the court, all of which were properly preserved and are presented to this court.

The only question not heretofore sufficiently settled by this court, relates to the admissibility of the wife of the appellant, as a witness for him, and of her declarations or admissions made before the trial.

The appellant proved that he was absent in the State of Texas, in 1864, and until in August 1865, and that, during his absence, his wife acted as his agent in renting the farm, etc., and that she rented certain lands to the appellee. He then offered to introduce his wife as a witness, and to prove the contract made between her, as his agent, and the appellee, to which the appellee objected and the court sustained his objection and refused to allow her to testify.

During the progress of the trial the appellee introduced his brother, John Walker, by whom he offered to prove the admissions or statements of the wife of Magness, made to him, after the making of the contract, and before the trial, and in the absence of both of the parties; to the making of which proof, the appellant objected, but the court overruled his objections and allowed the witness to testify as to what Mrs. Magness told him were the terms of the agreement between her and the appellee, to which also exception was taken.

The rule of the common law, as to the admissibility of testimony, has been, by legislative enactment, in many of the States, modified or changed, and no greater, in allowing parties in interest to testify, has been made than that in our own State, where we have a constitutional provision, that, "in the courts of this State there shall be no exclusion of any witness in civil actions, because he is a party to, or interested in the issue to be tried." This not only goes to the length of some of the State statutes of allowing parties to suits to testify, but also provides that no interest shall disqualify. In the case of *Merryman v. Hartford & New Haven, R. R. Co.*, the Supreme Court of Connecticut say: "We are of opinion that a just construction of the 141st section of the act for the regulation of civil actions, the wife of the plaintiff was a competent witness in his behalf. It was the express object of that section,

to remove the common law disqualification of persons, as witnesses, in all civil suits, by reason of their having an interest in the event of the same. In legal contemplation, the husband and wife are one person; their interests are therefore identical. This is the ground of their exclusion, by the common law, as witnesses for each other." And after discussing the ground of the exclusion of the wife upon public policy, etc., they declare the doctrine as above stated, that "interest is the true ground upon which such exclusion has heretofore been maintained." *20 Conn. 363.*

The present Chief Justice of Illinois, in delivering the opinion of the court in the case of *The People, ex use, etc. v. Randolph et al., 24 Ill., 324*, says: "We think the general rule is, that a wife can be a.witness in all cases in which the husband could be a witness."

In New York, Ohio, and, perhaps, some of the other States, the provisions of their Codes are different from the rule in this State, and declare a disability to exist because of the marriage relation of the parties; in some of them, a provision that the husband, interested in the suit, may waive objections, etc , and upon such statute, the courts, of course, rule differently from what would be the decision upon a law such as ours. See *Ross v. Steamboat War Eagle, 14 Iowa, 374.* But, even in most of the decisions, the common law rule is announced that the wife is excluded from being a witness against her husband, because of the relation existing between them; and she is prohibited from testifying in his favor, because their interest is identical, and by that rule, under the strong and explicit language of our law, she would certainly be competent to testify in his favor, wherein all disqualification, arising upon interest, is removed, and we are not wanting for authority holding that the testimony in many cases depends upon the election of the husband and wife, as to whether or not they will waive such privilege. See *Birdsell v. Dunn, 16 Wis., 239; Littlefield v. Rice, 10 Metcalf, 287; Pellry v. Wellesley, 3; C. and P., 558,* and cases in those referred to.

There is another well established rule of practice prevailing, even at common law, that in various cases, parties in interest and otherwise disqualified, out of the necessity of the case, are allowed to testify;· for instance, as to the loss of a written instrument, the contents of a lost trunk, the hand writing of certain book entries, etc., and some extend this rule to cases of agencies, etc. *1 Greenl. on Ev.*, sec. *416; Martin v. Howell, 1 Stevn., 647; Ware v. Bennett, 18 Tenn., 749.*

And the general rule, as laid down by Judge BRUCE, does not seem to be seriously controverted anywhere, that in cases wherein the plaintiff himself is competent, he may also introduce his wife to establish like facts.

In the case of *Birdsell v. Dunn, 16 Wis., 238,* the Supreme Court of that State say: "A *feme covert* may act as the agent or attorney of her own husband, and, as such, with his consent, bind him with her contract, or other act;" and they refer to *Story on Agency, 57.* "When she acts as such agent, in any department or business, the husband is also bound by her declarations and admissions in relation to matters done under her direction, and they may be given in evidence against him. If the mere declarations of the wife, without oath, are admissible in such a case, it seems difficult to perceive upon what principle her testimony, upon oath, if properly tendered, to the same facts is to be excluded."      *  .  *    *    *    *

"The competency of agents to prove acts done within the scope of their agency, was well established at common law, notwithstanding many more had an interest in their acts, respecting which they were called to testify. This exception to the general rule had its foundation in public convenience and necessity." *1 Greenleaf on Ev.*, sec. *416; Martin v. Howell, 1 Stev. 647; Denison v. Cooper, 3 Wis., 30; Matthews v. Hayden, 2 Esp., 509.*"

After reciting several cases of exceptions· to general rules, for the admissibility of evidence, this court says: "It is apparent, from this brief examination of decisions, that the rules of the common law, excluding witnesses, either on the ground

of interest or public policy, are, by no means, inflexible.  We are of opinion, especially since the enactment of the statute removing the disabilities of parties, that the case of a wife, acting as the agent of her husband, should constitute an exception, as to all business transacted by her within the scope of her employment; and, therefore, that the testimony of Mrs. Dunn, the wife of the defendant, should have been received to that extent."

We think it quite clear, from an examination of the common law authorities, that the exclusion of the wife, when offered as a witness on the part of her husband, was based upon the ground of interest; that what was beneficial to the husband was likewise profitable to her; that they were identical.   When the wife was offered as a witness against the husband, then the grounds of public policy and the peace and quiet of families were assumed as sufficient cause for her exclusion.   Under this rule, when by legislative enactment all suitors and *all parties* in interest are rendered competent, it seems to us the wife is not incompetent, when called by the husband.

In the case before the court, the wife was the agent on the part of the husband, who was absent, in the State of Texas, when the contract of writing was made between his wife and the appellee; the husband could necessarily know nothing personally of the contract.

The court permitted the appellee to be sworn and examined as a witness for himself, who gave, in detail, his version of the contract; and then the court excluded the agent and wife of the appellant from testifying, and thereby destroyed all mutuality of rights in the evidence of interested parties, a result certainly never contemplated by those who enacted the law; and we hold, not sustained by the weight of authority, or the recent decisions of the courts.

The further ruling of the court below, in this case, exhibits the error into which it had fallen.   That court allowed John Walker, the appellee's brother, to give in evidence casual con-

versations had with the wife of the appellant, long subsequent to the contract. Now, will it be insisted by any one, that all the wife's loose and careless remarks, made at various times, and in the absence of both of the parties, are competent to be introduced as evidence, when her solemn oath cannot be heard in the presence of the parties and the court? To assume such, would present strange reasoning for the discovery of truth. If such was the law, it would not only fail in justice and reason, but would border on absurdity.

Then, without attempting to decide all questions that may arise as to the competency of the wife as a witness against, as well as for, her husband, we hold, that in this case, where she acted as agent for her husband, and, in his absence, entered into a contract of writing with the appellee, she was competent, when called as a witness by her husband, to testify in reference to such contract, and the court below erred in excluding her; and for that error, the judgment of that court is reversed, this cause remanded that a new trial may be had according to law and not inconsistent with this opinion.