DIETRICH H. MORHINERS *et al.*

*v.*

THE COUNTY COURT OF CLINTON COUNTY, for the use of Louis Bigge.

OFFICIAL BOND OF CONSTABLE—*whether more than one judgment may be recovered.* The rule that there can be but one action on the official bond of a constable, and that other parties aggrieved must sue out a *scire facias* and assign new breaches, does not apply so as to affect such a suit brought before judgment rendered in the action previously commenced, and in such case, notwithstanding judgment in the suit originally brought has afterwards been rendered, the second suit may be prosecuted to judgment the same as though no judgment had yet been recovered on the bond. Parties aggrieved are not bound to wait to see whether other parties who have already brought suit will obtain judgment.

APPEAL from the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. W. H. GRAY, for the appellant.

Mr. G. VAN HOOREBEKE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action against a constable and his securities, on the official bond of the former, commenced before a justice of the peace, where a trial was had and a judgment obtained in favor of the appellee. The cause was removed to the circuit court, where a trial was again had, which resulted, as before, in a judgment in favor of the appellee.

The only defense sought to be interposed to the present action is, that a suit had previously been commenced before a justice of the peace, in the same county, in the name of the county court, for the use of Henry Burger, on the official bond of the appellant, Morhiners.

On the trial of this latter case before the justice the plaintiff failed to obtain any judgment against the constable and his securities on the bond. The cause was appealed to the circuit court, and being the first in order on the docket, it was tried first, and judgment was rendered in favor of the county court, for the use of Burger, and against the constable, Morhiners, and his securities.

It is now insisted that the recovery in the latter action is a bar to the present suit, on the well recognized principle that there can be but one action on official bonds of constables, and that other parties aggrieved must sue out a *scire facias* and assign new breaches. Gross' Stat. p. 410, sec. 145, 147; *The People* v. *Randolph*, 24 Ill. 324; *The People, etc.* v. *Compher*, 14 Ill. 447.

When this suit was commenced there had then been no judgment rendered in any court on the official bond of the appellant, Morhiners, and the principle announced in the cases cited can have no application. No previous judgment having been rendered against the appellant on the official bond of the constable, the present action was rightfully commenced. The appellee was not bound to wait to see whether other parties would obtain a judgment on the bond. It was sufficient that no judgment had then been rendered. In fact, the present judgment is the first one ever rendered on the official bond against the appellant, Morhiners, and his sureties thereon, and the judgment must be affirmed.

*Judgment affirmed.*