## Theodore B. Switzer

### *v.*

## Samuel Kee.

*Filed at Springfield October 27, 1893.*

1. PARENT AND CHILD—*right of son to recover for services rendered for his mother.* Where a son takes his aged and sick mother to his home, and renders services for her, and there is no evidence of an express contract, or proof of facts or circumstances sufficient to show that it was intended by the parties, at the time the services were rendered or support was furnished, that pecuniary recompense should be made therefor, no implied contract will arise from the mere fact of rendering the services or furnishing the support, the presumption being that no compensation was intended.

2. Where a mother resides in the family of her son as a member thereof, it may be that no contract will be implied that the son is to be paid by the mother for her support and care. But even in such cases an implied contract may be established by proof of facts and circumstances showing that it was the intention of the parties that payment should be made for such support, care and maintenance.

3. SAME—*right of son to compensation for supporting his mother under contract.* If a son is entitled, by contract, to the use of his mother's farm as compensation for his services in taking care of and supporting her, and is compelled to pay for the use of the farm by persons claiming under the mother, he will have a right of action over for the value of his services under the contract, against his mother's estate.

4. An aged and feeble mother, not residing in the family of her son, but living separate and apart from him in her own home, having sufficient means for her support and care, owing to her helpless and critical condition of health was removed to the home of the son, in order that she might be properly cared for, which was done until her death, at a great sacrifice on her son's part. After her death the son filed a claim against her estate. On appeal to the circuit court the court refused an instruction asked by the defendant, that when a parent lives with a child the law will not imply a contract to pay money for support or services, and unless an express contract is shown to pay therefor, a recovery could not be had : *Held,* that such instruction was properly refused.

5. HUSBAND AND WIFE—*right of the latter to her separate earnings.* While a wife may, under the statute, be entitled to her separate earn-

37—146 ILL.

ings when she labors for another with the assent of her husband, she is not entitled to recover in her own right for services performed for him or in or about his business.

6. The fact that a wife may have assisted her husband in the care of his mother will raise no implied promise on the part of the latter to pay her therefor, especially when the wife renders such services for her husband, and not with a view to make a separate charge.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McDonough county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

The following opinion of the Appellate Court is a sufficient statement of the case:

"Per CURIAM: The appellee filed a claim against the estate of Mary Kee, deceased, for services rendered in taking care of decedent during the last two or three years of her life. The case was removed by appeal to the circuit court, where the issues were submitted to a jury, resulting in a verdict in favor of the claimant for $1200. The court refused a new trial and rendered judgment on the verdict.

"The claimant was the son of the deceased, and the services were rendered while she was in his house. For a long time after the death of her husband she resided with a granddaughter, on the homestead. Becoming quite feeble and helpless from age and disease, she needed a great deal of assistance and nursing, which was rendered by her children and other persons living in the neighborhood. Finally it was suggested to her and to the claimant, by the attending physician, that a better, and, indeed, necessary, arrangement would be, that she should be taken to the house of the claimant for such care and treatment as she required. With some reluctance she agreed to go, seeing it was necessary that some better provision should be made, and that as her infirmities were increasing she could no longer have suitable attention while remaining in her own house. She fully understood the

matter, and while nothing was said as to the terms, and while she was perhaps not fully competent at all times to make a contract involving details, she evidently understood the services she was to receive would not be gratuitous, and it is quite as clear the claimant expected to be paid. We do not care to quote the evidence on this point, but we are persuaded that there is enough in it to warrant the jury in finding that there was an expectation on both sides that the claimant should have proper compensation. Certainly she was not residing with her son as a member of his family, in the ordinary sense of the term. While she was able to care for herself, and long after, she preferred to stay in her own home, and when she went to her son's, it was for the express purpose to be cared for as an invalid, and for no other. Her illness was protracted and distressing, and she required attentions involving great sacrifice of time and comfort on the part of her son and his wife. They attended to her personally, and employed male and female help to take their places, as far as necessary, in the duties of the household and farm. The amount allowed by the jury is quite within the range of the proof, and upon the merits we think the verdict was right.

"We find no substantial error in the rulings of the court upon the trial, and are of opinion the judgment should be affirmed, which is done."

Messrs. Agnew & Vose, for the plaintiff in error.

Messrs. Bailey & Holly, for the defendant in error.

Mr. Justice Shope delivered the opinion of the Court:

The principal ground insisted upon for reversal in this court is, that the circuit court erred in refusing defendant's eleventh instruction, which was as follows:

"Where a child lives with a parent, or a parent with the child, the relationship between the parties is so intimate that the law does not imply a contract to pay money for support

or services. Unless it be shown that there is an express contract to pay for such support and services, a recovery therefor can not be had by one of the parties against the other. In the absence of an express agreement the law indulges the generous presumption, that what is done for each other by parties thus nearly related is done gratuitously, and as the prompting of natural affection."

This instruction is copied from the opinion in *Faloon* v. *McIntyre et al.* 118 Ill. 275, and which, as applied to the particular facts of that case, was a correct statement of the law. In that case no express contract to pay for the support and services there claimed to have been furnished was shown, nor were any facts or circumstances proved from which such a contract could be legally implied. The law undoubtedly is, that where such relations have been voluntarily assumed by the parties, and there is no evidence of an express contract, or proof of facts and circumstances sufficient to show that it was intended by the parties, at the time the services were rendered or support was furnished, that pecuniary recompense should be made therefor, no implied contract will arise from the fact of rendering the services or furnishing the support, the presumption being that no compensation was intended. Thus, in *Miller* v. *Miller*, 16 Ill. 298, it was said: "Where one remains with a parent, or with a person standing in the relation of parent, after arriving at majority, and remains in the same apparent relation as when a minor, the presumption is that the parties do not contemplate payment of wages for services. This presumption may be overthrown, and the reverse established, by proof of an express or implied contract, and the implied contract may be proven by facts and circumstances which show that both, at the time the services were performed, contemplated or intended pecuniary recompense other than such as naturally arises out of the relation of parent and child." And the court there held the law to have been stated with sufficient accuracy in the instruction given the jury, on

behalf of the defendant, as follows: "That if plaintiff resided with her father after becoming of age, and was treated as a member of his family, then the jury must be satisfied, from the evidence, that at the time when the services were rendered it was expected by both parties that she should be paid for such services, or that the circumstances under which the services were performed were such that such expectation was reasonable and natural; that if she lived with her father, when such services were performed, as his other children did, it was incumbent on the plaintiff to prove an express hiring, or circumstances from which an express hiring may be reasonably inferred, besides the mere fact of performing the services; that the law, while the relation of parent and child exists, raises no implied contract." (See, also, *Brush* v. *Blanchard,* 18 Ill. 46.) Ample authority sustaining this principle may be found elsewhere, but, in view of our own holding, its citation is unnecessary.

In the case at bar, the mother did not reside in the family of her son, the defendant in error, but separate and apart from him, in her own home, and with sufficient means of her own to care for her and supply her wants. Owing to her helpless and critical condition it was deemed expedient and necessary to remove her to the home of defendant in error, in order that she might be properly cared for, which was done until her death, at great sacrifice on the part of her son and his family, and considerable expense. Had Mary Kee been living in the home of defendant in error as a member of his family a different question might have been presented, and the rule in *Faloon* v. *McIntyre, supra,* applicable, and no implied contract have arisen from the mere providing of the support or furnishing the care or attendance upon her. But, as we have seen, even in such case an implied contract may be established by proof of facts and circumstances showing that it was the intention of the parties that payment should be made for the support or services furnished.

We are of opinion that, as applied to the facts of this case, the court committed no error in refusing the instruction.

The instructions given on behalf of the claimant conform to the views here expressed, and the modification of the second of defendant's series given, brought it into harmony with the same views.

There was no error in the modification of defendant's seventh, eighth and ninth instructions given. The seventh and eighth told the jury that the claimant could not recover for the care of his mother, if, at the time, he expected to receive his pay therefor by the use of her farm, or the farm in which she had a life estate and right of possession, and had no other contract with her. The effect of the modification was to hold that such expectation would not defeat recovery, if claimant was otherwise entitled to recover, if he had lost the use of the farm, or had been compelled to pay the value of such use, as rent for the entire time, by the heirs or personal representative of Mary Kee. It seems clear that if claimant was entitled, by contract, to the use of the farm as compensation for his services, and had been compelled to pay for the use of it by persons claiming under said Mary Kee, he would have a right of action over for the value of his services under the contract.

The ninth instruction, as asked, told the jury that claimant could not recover for services performed by his wife in caring, etc., for his mother, to which the court added, "unless such services were rendered by her as an assistant for Samuel Kee, and not with a view to a charge by the wife in her own name," etc. The modification was entirely proper. It is objected that it is not based on the evidence, and was therefore erroneous. This is a misapprehension. The jury were clearly justified in finding, that whatever contract there was for the support and maintenance of Mary Kee was with the claimant, and that she was taken to his house to be there supported and cared for by him. While the wife may, under the statute, be entitled to her separate earnings, where she labors for another

with the assent of her husband, she is not entitled to recover, in her own right, for services performed for him or in or about his business.  The fact, therefore, that she may have assisted her husband in the care of his mother would raise no implied promise on the part of the latter to pay her therefor, and especially would this be so where she rendered them for her husband, and not with a view to make a separate charge. *Hazelbaker* v. *Goodfellow*, 64. Ill. 238; *Casner* v. *Preston*, 109 id. 531.

On the whole, we perceive no substantial error in the record, and the judgment of the Appellate Court will be accordingly affirmed.

*Judgment affirmed.*