## John O. Whitenack v. Annie Agartt et al.

1. Fraudulent Conveyances—*Husband to Wife.*—A deed of conveyance from a husband to his wife without an adequate consideration is void as against creditors, whether lien holders or not, and as to such the title does not pass.

2. Sheriff's Sales—*Certificate Void After Five Years.*—Where lands are sold by a sheriff upon an execution and a certificate of sale executed and delivered to the purchaser, unless a deed is taken within five years from the date of the sale, the certificate becomes void.

3. Husband and Wife—*Conveyances—What the Wife Takes.*—Where a husband makes a conveyance of lands to his wife, notwithstanding the conveyance is without consideration, she takes whatever interest he has, subject only to the rights of his creditors.

Memorandum.—In equity. Appeal from the Circuit Court of Sangamon County; the Hon. James A. Creighton, Judge, presiding. Proceedings to set aside a conveyance of real estate; decree for defendants; appeal by complainants. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 14, 1894.

Appellant's Brief, Saunders & Bowers and Patton, Hamilton & Patton, Attorneys.

Where a wife allows her husband to invest her capital in his own name, and thereby obtain credit on the faith of his being the owner of the same, she will not be allowed to interpose her claim to the property so acquired, to the injury of her husband's creditors. Hocket v. Bailey, 86 Ill. 74; Patton v. Gates, 67 Ill. 164; Wortman v. Price, 47 Ill. 22; Lowentrout v. Campbell, 130 Ill. 503; Coale v. Moline Plow Co., 134 Ill. 350; Beeson v. Eveland, 26 N. J. Eq. 468; Budd v. Alkinson, 30 N. J. Eq. 530.

A transfer of property, either directly or indirectly, by an insolvent husband to his wife, is justly regarded with suspicion, and unless it clearly appears to have been entirely free from wrong intent to withdraw the property from the husband's creditors, or the presumption of fraud be overcome by satisfactory affirmative proof, it will not be sustained. Burt v. Timmons, 29 W. Va. 441; Stockdale v. Har-

ris, 23 W. Va. 499; McMasters v. Edgar, 22 W. Va. 673; Rose v. Brown, 11 W. Va. 122; Core v. Cunningham, 27 W. Va. 206; Herzog v. Weiler, 24 W. Va. 203; Maddox v. Epler, 48 Ill. App. 265.

By a levy on land under an execution the creditor acquires no property in the land, absolute or conditional. Such levy, unless consummated by a sale, and then only to the extent realized, is no satisfaction of the judgment. 2 Freeman on Executions, 929; Cassell v. Morrison, 8 Brad. 175; Robinson v. Brown, 82 Ill. 279; Gold v. Johnson, 59 Ill. 62; White v. Graves, 15 Tex. 183; Hoard v. Wilcox, 47 Pa. St. 60.

John C. Snigg, attorney for appellees.

Mr. Justice Pleasants delivered the opinion of the Court.

The bill herein was filed against Annie Agartt and August Agartt, her husband, to set aside and declare void a deed of conveyance from him to her of eighty-four acres of land therein described, executed December 24, 1883, and subject the land to the payment of a judgment obtained by appellant against him on October 8, 1884, for $538.59 and costs, on a promissory note made and delivered before the conveyance complained of. It charges that the deed was a sham, made without any consideration therefor and to defraud his creditors, particularly the complainant. It required the defendants to answer under oath the allegations it contained and a number of interrogatories thereto attached. They so answered, in substance, that the land was purchased by August, but with money of his wife, derived from the estates of her father and grandfather, and that though the legal title of record was in him, the equitable title was hers. To the sixth interrogatory, which was addressed to him alone, and was as to the consideration he received from his wife for the land, he answered that it was between $2,000 and $2,100 which came into her possession from those estates about the time of their marriage, in 1868; that she let him

have the money, all of which went into this with other land
which he then also purchased from Whitbur for $5,000,
obtaining the rest by a mortgage to Nusbaum; that he owed
her the money and the interest thereon, and that for this
debt he sold to her the farm and personal property, the land
being incumbered by the Nusbaum mortgage for $2,200.    To
the ninth and eleventh, addressed to the defendant Annie,
she answered that according to her recollection she received
from her father's estate $1,800 or $1,900, and from her
grandfather's about $140, all of which went into the land;
that this, with lawful interest from date, she let her hus-
band have, and it now amounts to $3,000.    They do not say
that she took a note or any written evidence of the loan, or
that she ever received or claimed any interest.    They have
lived on the land from the time he purchased it, and to all
appearance he has managed it since the conveyance to her
as before, but she says that since she received the deed she
has controlled it with his assistance as her agent, and that
although no definite compensation has been agreed upon,
he is to have his living and a reasonable compensation for his
labor.

Their answers comprise all the evidence on their part
upon the question of fraud in the conveyance.    Complain-
ant's proof was the note, judgment, execution returned un-
satisfied, and deed, with the testimony of witnesses from the
neighborhood tending to show that August occupied and
used the land before and after the conveyance to the wife,
as farmers who own the farms they occupy usually do; that
it was understood he owned it, because of that fact, and
that nothing to the contrary had been heard by them from
Agartt or his wife, or from any assertion in the presence
of either.    He introduced as a witness the guardian of Mrs.
Agartt, whose recollection was that the money he received
from the administrators and paid to her amounted in all to
$1,348.45, and the date of the payment was March 18, 1870,
after her marriage.    Another witness, also called by com-
plainant, testified among other things to a conversation
with August Agartt about this litigation in which he said

he had transferred this land to his wife to indemnify her for some money she had received from her father's estate, and that his indebtedness to complainant was a security debt.

There is no reason to doubt that when Agartt purchased the land he had no money or property of his own except a team, wagon and harness, worth about $300, and was receiving a pension, the amount of which was not stated, nor that a considerable sum of money, derived by his wife from the estates mentioned, was applied by him in part payment for it. But that it was either loaned to him, or being hers, was so applied that a trust for her in the land resulted, is, by the evidence, certainly left very uncertain in the light of the authorities. The oral testimony was all submitted in the master's report, so that the court below had no advantage of us from seeing and hearing the witnesses. Whether the decree dismissing the bill was based on the conclusion that a preponderance of the evidence showed a *bona fide* indebtedness of the husband to the wife which was an adequate consideration for the conveyance to her as a preferred creditor, or that it was well made in execution of a resulting trust in which he held the legal title, we have no means of knowing, and it may have been rendered, and in our opinion, should be affirmed, for another reason.

In their answer the defendants further say that by virtue of an execution issued January 30, 1885, upon this same judgment, the sheriff of Sangamon county levied upon, and on March 4th, following, sold, all of the land described in the bill, as the property of August Agartt, for the sum of $19.48 to one Joseph F. Bunn, who then received from said sheriff and now holds his certificate of such purchase; wherefore they say that as against each of the defendants, and particularly the defendant Annie Agartt, complainant is estopped from maintaining this proceeding to subject this land to sale on another execution to be issued upon this judgment.

On leave obtained, complainant filed an additional replication admitting the facts averred in the answer, and alleging that the sale to Bunn was made without his knowledge, and that he was not aware that any certificate of purchase

had been issued by the sheriff on such sale when he filed the bill herein; and further, that he has since obtained possession of said certificate; that no deed has ever been issued on it by the sheriff, and that he is now ready and willing to surrender it for cancellation.

The execution, dated January 30, 1885, the returns thereon showing the levy and sale, and the certificate of purchase dated March 7, 1885, were all put in evidence, and complainant testified that he got the certificate from Bunn, but didn't know when; never read it, but understood what it was; did not know where it was (at the time he testified); he took it back to Saunders & Bowers, his attorneys, from Bunn; never took out any deed in pursuance of it, nor transferred it to anybody; was not present at the sale; didn't know anything about it until it was done; and that Mr. Haynes (of Saunders & Haynes, his attorneys,) said he would manage it and they could go home.

He did not examine either of the attorneys named, nor Mr. Bunn, and his own testimony fails to support his additional replication in a material point. The proceedings on the execution of January 30, 1885, were doubtless managed by his attorneys, and he is chargeable with notice of them. He did not state specifically, or with reference to the time of any other event, when he received the certificate from Bunn, or that he paid anything for it. Without reading it, but with the understanding that it was the sheriff's certificate of Bunn's purchase, he took it to his attorneys. It is, therefore, presumable that Bunn made the purchase for him under the direction or at the request of his attorneys; that he knew Bunn held the certificate for him, and that he could have obtained a sheriff's deed in pursuance of it within the five years from the expiration of the time for redemption limited by the statute. R. S., Ch. 77, Sec. 30.

Appellant claims that August Agartt's conveyance to his wife was wholly without consideration, and therefore void as against creditors then existing, whether lien holders or not; and so we understand the law. His claim accrued before such conveyance and was subsisting in full force at

that time. The conveyance if wholly without consideration, was therefore void as against him, and the title to the land remained in August Agartt. The sheriff's deed, if regular, would have conveyed to the rightful holder of the certificate of purchase all of Agartt's interest. There is nothing in the record going to show anything irregular in the judgment, execution or sale thereon to prevent the full legal operation of a sheriff's deed in pursuance of the certificate of purchase, or that the purchaser or the appellant was at all deceived or misled as to the purchase. But a deed was never obtained nor applied for by Bunn or appellant, and more than five years had elapsed from the expiration of the time for redemption, before the bill herein was filed. By this neglect to get a deed the certificate became void. The failure to realize all the fruit of the sale that he might have obtained was due to his own *laches*. No reason is perceived why a court of equity should have set aside the sale and satisfaction of the judgment *pro tanto*, if application therefor had been made at any time. By the sale and certificate and failure to redeem an absolute right to the entire interest of August Agartt passed to the holder of such certificate. The land had contributed all that the judgment creditor deliberately asked toward the satisfaction of his judgment, and was not subject to be sold again on execution upon the same judgment. Mrs. Agartt, however, by the conveyance from her husband, notwithstanding there was no valuable consideration for it (if there was none), had taken whatever interest he had in the land, subject only to the lien of appellant's judgment afterward obtained against him. His pre-existing claim became merged in the judgment, and the lien of that judgment has been exhausted as to this land, without fruit, through his own negligence, and not the fault of appellees or of the law, Trustees of Schools v. Love, 34 Ill. App. 418. For further satisfaction he must look to other means. Having no such lien when this bill was filed, it could not be maintained. The decree will therefore be affirmed.