## Christopher Dolbeare v. Jacob Coultas.

1. SERVICES—*By One in the Family of a Relative.*—Where one enters the family of a relative and is trusted as a member of the family, the relationship between the parties is so intimate that the law does not imply a contract requiring the one to pay money for support or the other to pay for services rendered.

Assumpsit, for services, etc. Appeal from the Circuit Court of Pike County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the November term, 1900. Reversed and remanded. Opinion filed February 28, 1901.

WILLIAMS & COLEY and A. CLAY WILLIAMS, attorneys for appellant.

L. T. GRAHAM and JEFFERSON ORR, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellee sued appellant for services as a farm hand and recovered judgment in the Circuit Court for $154.

Appellee is the father-in-law of appellant. He is a widower, and the defense was that he was living with appellant as a member of the family and that neither he nor appellant expected that the one would receive and the other pay wages for services rendered. The case was a close one on the facts.

The court, at the instance of the plaintiff, gave to the jury the following instructions:

" 2.   The court instructs you, that if you find by a preponderance of the evidence that the plaintiff worked as a farm hand for the defendant during the spring and summer of 1895, and from the spring of 1897 to the first of April, 1898, and you further find by a preponderance of the evidence that there was no agreement or understanding between the plaintiff and defendant, and that such work was not to be paid for, then if you find the facts, as last hereinbefore stated, your verdict shall be for the plaintiff for whatever amount you shall, by the evidence, believe the plaintiff would be entitled to recover."

The instruction entirely ignores the main question at issue.    Where one enters the family of a relative and is trusted as a member of the family, the relationship between the parties is so intimate that the law does not imply a contract, requiring the one to pay money for support and the other to pay money for services rendered; a recovery for either support or services can not be had by one of the parties against the other in the absence of an expressed contract.    In the absence of an express agreement the law indulges the generous presumption that what is furnished upon the one hand and what is done upon the other is gratuitous and is done from the promptings of affection. (Harris v. McIntyre et al., 118 Ill. 275; Switzer v. Kee, 146 Ill. 577; Heffron v. Brown, 155 Ill. 322.)    The instruction lays down a contrary rule and tells the jury that if there was no agreement or understanding between the plaintiff and the defendant that such work was not to be paid for, they shall find a verdict for the plaintiff.

The court also gave to the jury the following instruction for the plaintiff:

" 3.   You are instructed that in the determination of the question as to how much you should assess the damages, you should take into consideration all the evidence, facts and circumstances in the case, and determine from such evidence what, in your judgment, would be a reasonable compensation, and fix the amount accordingly."

This instruction is vicious because it assumes that the

plaintiff had made out his case and that the only question left to the consideration of the jury was the assessment of damages.

For the error in giving these instructions the judgment must be reversed and the cause remanded.