### William Overbeck, Adm'r, v. Henry Ahlmeier.

1. DOMESTIC RELATIONS—*Rebuttal of Presumption that Services by One in Family Relation Are Gratuitous.*—The presumption that services rendered to one in the family relation are gratuitous may be rebutted by proof of facts and circumstances showing that at the time the services were rendered the one expected to receive payment and the other to make payment.

2. SAME—*Wife Not Entitled to Recover for Services Performed for Her Husband in His Business.*—The mere fact that a wife assists her husband in his business does not give her either a separate or joint pecuniary interest in the business or compensation.

**Assumpsit**, upon promissory notes. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge presiding. Heard in this court at the August term, 1902. Affirmed. Opinion filed March 2, 1903.

TRAVOUS, WARNOCK & BURROUGHS, attorneys for appellant.

SPRINGER & BUCKLEY, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court. This was an action of assumpsit, in the Circuit Court of

Overbeck v. Ahlmeier.

Madison County, by appellant against appellee, to recover on two promissory notes, executed by appellee to appellant's intestate, during her lifetime. Trial by jury. Verdict and judgment in favor of appellee.

The declaration is in the usual form. To this declaration appellee pleaded payment and set-off. Appellant traversed these pleas, and in an additional replication set up the statute of limitations as a defense to the plea of set-off. No question was raised as to the validity of the notes, and no evidence was offered in support of the plea of payment. The contest was upon the plea of set-off, and the replication thereto.

In 1885, Catherine Haase, appellant's intestate, having lost her husband by death, went to live with appellee, her son-in-law. She was then somewhat advanced in years and ill and infirm in health. While she was able to be up the greater part of the time, she required considerable care and attention, and was not able to, and did not render any services or assistance in the family. Her infirmities grew worse as she grew older and during the last two years of her life she was a great care and burden. She remained with appellee and was well supported and cared for by him and his family from the time she went there in 1885 to the time of her death in 1897, a period of twelve years. During her lifetime and after she had gone to live with appellee, he executed and delivered to her the notes in question, aggregating $1,700, for money borrowed.

Appellant's counsel raised three questions as to appellee's set-off. First, they invoke the rule of law that the presumption in such cases is that support and care were gratuitously bestowed; and to rebut such presumption, either an express contract must be proven, or it must be shown by facts and circumstances, that at the time, the one party expected to receive payment and the other to make payment; and contend that appellee ought not to take anything by his set-off.

The evidence in this case clearly rebuts the presumption raised by the rule. While no complete express contract is

proven, the evidence does show "by facts and circumstances," proven, that appellee did at the time and during all of the time expect to receive payment, and that appellant's intestate did at the time and during all the time expect to make payment. Soon after she went there she paid $96, which was accepted by appellee as payment for one year, and at another time she paid $80, which was accepted as payment for a like period. She told various persons that she owed appellee for board and care. At one time she said she was willing to pay $8 per month, but that he insisted on having $10, and later that she owed him more than her money would pay. The evidence also shows that appellee had frequently asked her for a settlement.

Their second position is, that if he shall take anything by his set-off, he should be limited to the amount of interest which accrued on the notes prior to intestate's death, and that appellant should have had judgment for the amount of the face of the notes, with interest since her death.

This position is not sustained by the evidence. While the evidence clearly shows that there was an agreement to pay, it does not show that the amount of compensation to be paid was agreed upon for the whole period, or that it was agreed upon in advance for any part of the period, but as to the latter years of her life, especially, it clearly shows to the contrary. The evidence also shows that just compensation for the expense and care bestowed, exceeds the sum of both principal and interest of both notes.

Their third position invokes the rule that only mutual demands can be set off. "A joint indebtedness can not be set off against a separate demand." As appellee's wife assisted in the labor of nursing and caring for intestate, they contend that the right to recover, if at all, would be in favor of appellee and his wife jointly, and could not, therefore, be set off against appellant's claim.

This position is not well taken. Appellee, the husband, was the head of the family and the proprietor. The business in hand was the husband's business, and the fact

alone that his wife assisted did not give her either a sepa-
rate or joint legal pecuniary interest in the business or com-
pensation.   Switzer v. Kee, 146 Ill. 577; Olney v. Howe,
89 Ill. 556.

Appellant's counsel contend that the statute of limit-
ations had run against a portion of appellee's demand—
that portion embraced within the years 1885 and 1886.
The evidence shows that in 1886 intestate paid a year's
board, and that another time thereafter a year's payment
was made.   Assuming, as appellant's counsel do, that their
cause of action accrued in 1892, appellee might properly
set off any demand not then barred, and under the facts of
this case no part of his demand was then barred.

Much complaint is made as to the action of the trial
court in the giving and refusing of instructions.

The sixth instruction asked on behalf of appellant, states
the law with substantial accuracy; and while it might
without impropriety have been given, yet the evidence puts
the hypothesis of fact upon which it is based so nearly
beyond the domain of dispute, that we are of opinion its
refusal could not have prejudiced appellant.   No intelli-
gent, honest jury could have found from the evidence
otherwise than that " the facts and circumstances, were
sufficient to show that it was the intention of the parties
at the time the defendant was caring for and boarding the
deceased, that he should have compensation therefor."

Appellant's seventh instruction does not state the law
correctly and was most properly refused, and we are of
opinion that the refusal of appellant's eighth, and the
slight error in appellee's first, as to the plea of payment,
could not have wrought harm to appellant.

Upon the whole, it is apparent to the court that substan-
tial justice has been done, and in such case slight errors
will not reverse.

The judgment of the Circuit Court is affirmed.