## Samuel T. Miller v. Hulda E. Smith.

1. HUSBAND AND WIFE—*right of latter to compensation for labor performed for former.* There is no implied contract upon the part of a husband to compensate his wife for labor performed by her for him.

2. HUSBAND AND WIFE—*when conveyance between, valid as against creditor.* A bill of sale made by a husband to his wife, supported by a sufficient consideration, delivered in good faith, is valid as against a creditor of the husband whose claim did not exist at the time of the transfer.

3. HUSBAND AND WIFE—*what not competent in attack upon conveyance between.* In an attack upon a bill of sale made by a husband to his wife, it is not competent to show that the wife after the conveyance, established to have been made in good faith and upon sufficient consideration, had permitted her husband to mortgage the property so transferred, unless her act was such as to work an estoppel against her.

4. BILL OF SALE—*how cannot be impeached.* A bill of sale cannot be impeached by showing statements of the vendor made out of the presence of the vendee after the transfer had been completed.

Trial of right of property. Appeal from the County Court of Moultrie county; the Hon. CALVIN GREEN, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

W. G. GLOYD, for appellant.

MILES A. MATTOX and R. M. PEADRO, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellant on the twenty-second day of February, 1907, obtained a judgment against one Aley Smith in the County Court of Moultrie county in the sum of $277.50 and costs, and on the fifth day of April an execution issued upon said judgment, was levied upon two horses, one set of double harness, one buggy, one cultivator and a corn plow, as the property of the defendant in the execution. Appellee, the wife of said Aley Smith, at once gave notice to appellant that she claimed to own the property levied upon and de-

manded a trial of the right of property in said County Court. A trial was had on April 12, 1907, before a jury, who returned a verdict in favor of appellee upon which the court entered a judgment from which appellant prosecutes this appeal.

Appellee claimed to be the owner of the property by virtue of a bill of sale made to her by her husband, Aley Smith, on the fourteenth day of November, 1906, which was afterward duly acknowledged and on January 1, 1907, recorded.

The main question, as argued here and as presented to the jury upon the evidence and under the instructions of the trial court, was whether or not the bill of sale made by Aley Smith to appellee, was made in good faith and upon a sufficient consideration, and upon this question appellant contends that the verdict of the jury was against the weight of the evidence. This contention we think is not sustained by the record. There was ample evidence given upon the part of appellee to the effect that she, long prior to the time of the making of the bill of sale, had received property in considerable amounts from her father, which was used by her in the purchase or acquiring of a part of the property in question and that she had loaned her husband various sums of money from time to time which she had gotten by means of her individual efforts, and that at the time of the making of the bill of sale she accepted the property conveyed by it to her, in full of all her claims in these respects.

Appellant urges that it was error upon the part of the court to admit evidence to the effect that appellee had worked out of doors for her husband; had done the work of a man for many months and was to have pay therefor and that such matter was taken into account when the bill of sale was made.

This was error, and under section 8 of chapter 68 of the Revised Statutes entitled "Husband and Wife" this testimony should not have been admitted, yet we do not see how this error could have been so prejudi-

cial to appellant's cause as to make a reversal necessary, as there was no evidence whatever offered by appellant to show that he was a creditor at the time the bill of sale was executed, nor to show that Aley Smith was insolvent, while there was ample evidence of a consideration for the making of the bill of sale, eliminating the element of labor altogether. The good faith of the parties in making and receiving the bill of sale was fairly left to the jury, who found that such good faith existed. Under such circumstances the conveyance was good to pass the interest of the husband to the wife. Whitenack v. Agartt, 56 Ill. App. 72.

We do not regard this holding as at all in conflict with Mattingly v. Obley, 1 Ill. App. 626, cited and relied upon by appellant. In that case the court found that the claim of the wife was an afterthought and by her asserted for the purpose of defeating her husband's creditors. In the case at bar the claim of appellee seems to have been one of substantial merit, based upon an ample and legal consideration, which she had for a long time sought to collect prior to the time she received the bill of sale, and one which the parties in good faith adjusted by the making of the bill of sale in dispute.

Appellant next contends that there was error in the action of the court in not permitting him upon cross-examination of appellee to show by her that she permitted her husband to make a chattel mortgage on the property involved, but under the circumstances these matters were properly held to be immaterial. It could have been of no avail to appellant to show that appellee had allowed her husband to mortgage property she claimed to own unless her act in that regard in some way estopped her from denying her own claim to it. Appellant did not offer to show that he had acted upon the strength of the fact that such a mortgage had been made, or that he was in any way misled by reason of that fact.

Appellant next assigns as error that he was not permitted to prove by one Edward Paine, statements made by Aley Smith to him concerning the property in question after the bill of sale was made. There was no claim made that appellee was present when these statements were made, or that appellant heard them made and acted upon them, or that Smith was in possession of the property at the time he made the statement. The naked verbal statement of a grantor cannot be received in evidence to impeach his deed or bill of sale.

Other rulings of the court upon the admission of evidence were criticised, but we do not deem them of sufficient importance to warrant discussion.

There were some errors in the instructions given for appellee but they were not of such a character as to mislead the jury, while the instructions taken as a series stated the law of the case fairly and with substantial accurracy.

There is no reversible error in the case and the judgment is affirmed.

*Affirmed.*