## Hulda Smith, Appellee, v. Samuel T. Miller, Appellant.

MEASURE OF DAMAGES—*in action for wrongful detention of property.* The rule as to the measure of damages in an action to recover for the wrongful taking and detention of personal property is that the plaintiff is entitled to recover as damages the value of the use of the property while it was detained and any depreciation in such value during its detention, produced by abuse or want of reasonable care on the part of the defendant.

Trespass. Appeal from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908.

WALTER EDEN and EDEN & MARTIN, for appellant.

R. M. PEADRO and M. A. MATTOX, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee, Hulda Smith, recovered a verdict and judgment against the appellant, Samuel T. Miller, for the sum of $307.41, in an action of trespass by appellee against said appellant and others, to recover damages for wrongfully taking and detaining certain personal property, consisting of a team of horses, harness, wagon, buggy and farm machinery, the property of appellee. The property was taken by the sheriff of Moultrie county under and by virtue of an execution issued out of the County Court of said county upon a judgment in favor of appellant against the husband of appellee. Thereafter there was a trial of the right of property, resulting in a verdict and judgment in favor of appellee, from which judgment an appeal was prosecuted to this court to the May term, 1907, and said judgment was there affirmed. Miller v. Smith, 137 Ill. App. 467. After the affirmance of said judgment by this court, the team of horses and harness were returned

to the appellee on December 13, 1907, and this suit was instituted by appellee, as before stated.

Appellee was deprived of the use of her property by its wrongful taking and detention for a period of 254 days, and the evidence tends to show that the reasonable value of the use of the team during that time was $1 per day; that by reason of a want of reasonable care of said property by the appellant, and those acting for him, the property depreciated in value, during its detention, to the extent of from $63 to $113, as variously estimated by the witnesses.

The main contention advanced on behalf of appellant for a reversal of the judgment, a determination of which is practically decisive of the case, is, that the true measure of appellee's recovery is the interest upon the value of the property during its detention, and not the value of the use of the property during that time. This question is only involved in the case so far as it relates to the right of appellee to recover the value of the use of the team of horses.

The measure of damages in the case at bar is the same as in an action of replevin for the wrongful taking and detention of like property in Odell v. Hole, 25 Ill. 204, which involved the rule as to the measure of damages in an action to recover damages for the wrongful taking and detention of a mare, it was held that in an action of replevin, the plaintiff was entitled to recover as damages the value of the use of the property while it was detained, and any depreciation in the value of the property during its detention, produced by abuse or want of reasonable care on the part of the defendant. The same rule as to the true measure of damages in such cases is announced and applied in Alley v. McCabe, 147 Ill. 410.

The evidence in the record is ample to sustain the finding of the jury, based upon an application of the rule respecting the measure of damages as here announced, and as there is no error in the record which could have operated to the prejudice of appellant upon

the merits of the case, the judgment of the Circuit Court will be affirmed.

*Affirmed.*