## In re SUSSMAN.
### No. 5532.

District Court, E. D. Illinois.

Sept. 6, 1930.

Philip G. Listeman, of East St. Louis, Ill., for petitioner.

John C. Robertson, of St. Louis, Mo., for trustee in bankruptcy.

WHAM, District Judge.

By her counsel, Eva Sussman, wife of the bankrupt, presents her petition to review the order of the referee in bankruptcy denying her claim for $300 against the bankrupt es-

tate for back wages which she claims her husband owed her at the time bankruptcy proceedings were instituted, by virtue of a contract between them under which she was to be paid $25 per week for her services in the bankrupt's grocery store. The referee in bankruptcy finds, under the evidence presented in support of her claim, that the bankrupt did contract with the petitioner to pay her $25 per week for her services in the grocery store, and that the services were rendered by the petitioner and not paid for in the amount of her claim. The referee denied her claim, however, on the ground that under the law of Illinois a wife cannot recover compensation for services rendered her husband, and therefore cannot recover such claim from her husband's trustee in bankruptcy.

It is conceded by counsel for petitioner that contracts between husband and wife are invalid at common law, and that the validity and enforceability of the contract in question in this case depends upon the extent to which the Illinois statute has removed the common-law disability of a husband and a wife to contract with each other. From an examination of the statutory law of this state, which in a large measure removes the common-law disabilities of a married woman, no provision is found specifically giving a wife the power to contract with her husband for or to recover from her husband compensation for services rendered by her to the husband either in or about the duties of the household or family or with reference to his separate business or property. On the other hand, paragraph 8 of chapter 68, Cahill's Revised Statutes of Illinois 1929, being the chapter on "Husband and Wife," provides as follows: "Neither husband or wife shall be entitled to recover any compensation for any labor performed or services rendered for the other, whether in the management of property or otherwise."

The language of this section is broad and inclusive in the field which it covers, clearly extending the limitation therein expressed to services rendered by the wife or husband for the other beyond those services ordinarily contemplated as arising from the marital or family relationship and obligations. It would seem that, if a wife cannot recover compensation for services rendered in the management of the husband's property which is expressly prohibited by the statute, such services being as far removed from the duties of a wife ordinarily arising from the mar-

riage relation as can be contemplated, then the expression "or otherwise," which follows, would include every other character of service capable of being rendered. No exception is made of services rendered under contract. To hold, as contended for by the petitioner, that the section quoted is inapplicable in the instant case because the evidence shows an express contract under which the husband was to pay wages to the wife for services rendered outside the home and because the statute gives her a general right to her own separate earnings and to enforce contracts therefor, would be to ignore the plain limitation imposed by the language used in this section of the statute and would amount to judicial legislation.

While no Illinois authority has been called to my notice in which a contract of this character between husband and wife was presented as the precise issue in the case, the section of the statute above quoted has been considered and discussed in several Supreme and Appellate Court decisions, and the construction uniformly given it has been in harmony with the views above expressed. Thomas v. Mueller, 106 Ill. 36; Switzer v. Kee, 146 Ill. 577, 35 N. E. 160; Overbeck v. Ahlmeier, 106 Ill. App. 606; Hendrickson v. Hendrickson, 198 Ill. App. 442; Miller v. Smith, 137 Ill. App. 467.

In the case of Miller v. Smith, supra, the interpretation of this section of the statute was directly involved in determining whether or not a bill of sale from a husband to a wife was based upon a sufficient consideration. As proof of a portion of the consideration for the bill of sale, the wife was permitted by the lower court to introduce evidence that she "had worked out of doors for her husband; had done the work of a man for many months and was to have pay therefor and that such matter was taken into account when the bill of sale was made." The admission of this evidence was urged as error, and the Appellate Court said: "This was error, and under section 8 of chapter 68 of the Revised Statutes entitled 'Husband and Wife' this testimony should not have been admitted."

In none of the cases from other states cited by the petitioner was the statute limiting the right of a husband or wife to recover compensation for services rendered the other as broad and inclusive as the section of the Illinois Statute here under consideration.

The order of the referee is hereby approved and confirmed.