Wood v. Johnson.

------

## HENRY C. WOOD ET AL.

### v.

## R. D. JOHNSON.

1. ADMINISTRATION OF ESTATE—ALLOWANCE MADE BY APPRAISERS.— The allowance made by the appraisers in this case is treated by the court as a claim against the estate and placed upon the same footing as other claims. But whether it may be regarded as an ordinary claim against the estate or

Wood v. Johnson.

not, can make no difference, because the order of the court approving the report of the appraisers is such an exercise of judicial functions that an appeal will lie from it.

2. JUDGMENT TO WHICH ADMINISTRATOR IS A PARTY—UPON WHOM CONCLUSIVE.—The administrator is the sole representative of the personal estate of the deceased. A judgment to which he is a party regularly obtained, in the absence of fraud or collusion, binds the estate to the extent of the personal property and is conclusive upon all claimants of the personalty.

3. RIGHT OF APPEAL.—If a creditor is dissatisfied with a judgment against the estate, he must appeal, and it can not be said he is not in court, because he is there by his representative, the administrator, and the creditor must take notice or use such ordinary diligence as may be necessary to inform himself of the condition of his claim and the estate.

4. FAILURE TO RESIST JUDGMENT IN TIME.—Where a creditor failed to resist the payment of a widow's allowance at the time the judgment was entered and he did not appeal in the time prescribed by the statute. *Held*, that it was too late to resist such claim upon a final settlement, and the fact that no notice of such final settlement was given the creditor can not be urged as a reason why a bill in equity may be maintained now.

5. WANT OF PARTIES.—Where the record showed that thirteen persons other than appellee had probated claims and obtained judgments against the estate of equal force with that of appellee. *Held*, that appellee should have made these creditors parties to the suit. Appellee by doing so would not lose whatever rights or preferences he might have by being diligent any more than if each of the remaining creditors had interpleaded as they had a right to do.

6. CHANCERY JURISDICTION—ADMINISTRATION OF ESTATES.—A court of chancery may, in the exercise of its general jurisdiction take upon itself the administration of estates. In doing so it will take the entire administration into its hands and administer the estate as provided in the statute, modified in some cases by the principles of equity. But such jurisdiction will not be taken except in extraordinary cases.

APPEAL from the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed October 10, 1883.

Mr. H. CLAY HORNER, for appellants; as to who may appeal, cited Weer v. Gand, 88 Ill. 491; Pfirshing v. Falsh, 87 Ill. 260; Ralston v. Wood, 15 Ill. 159.

As to the action of the court unappealed from, being final: Thompson on Homesteads, §§ 905, 906, 975, 986, 988, 999; R. S. 1874, 117, § 85; Miller v. Miller, 82 Ill. 470; McCord v. McKinley, 92 Ill. 13.

The minor in this case is within the letter and spirit of the law, and is entitled to the award: Sallee v. Waters, 17 Ala. 488; Seaton v. Marshall, 6 Bush. 429; Lesher v. Wirth, 14 Ill. 39; Strawn v. Strawn, 53 Ill. 274.

Messrs. GORDON & HOOD, for appellee; cited R. S., title Administration, §§ 55, 57, 59, 74, 75.

The order discharging the administrator before the debts were paid was void as to creditors: Diversey v. Johnson, 93 Ill. 547; Blanchard v. Williamson, 70 Ill. 647.

CASEY, J. This was a bill in chancery filed by appellee against appellants in the Circuit Court of Randolph county.

The bill alleges that J. V. Herring died intestate in that county on the 19th day of March, 1881. That appellant, Henry C. Wood, was, on the 22d day of March, 1881, appointed administrator of the estate of the said J. V. Herring, deceased, and still is administrator. That on the 20th day of July, 1881, appellee probated his claim against said estate, and a judgment was entered in his favor for the sum of $50 as a seventh class claim. That all claims against the estate amounted to the sum of $337.05. That the personal property of the decedent amounted to $228.17; that the administrator procured an order to sell real estate to pay debts, and, that from such sale he received the sum of $159.60 after paying expenses, etc.; that the aggregate amount received by the administrator was $388.17. That the appraisers of said estate set apart to Mary Ellen Herring, a minor child of the said J. P. Herring, deceased (there being no widow living), the sum of $543.10 as her dower in the personal property, etc. The allegation of the bill is that Herring was not at the time of his death a householder nor the head of a family, and that the said Mary Ellen Herring was not residing with him.

That the report of the appraisers making such allowance was approved by the county court on the 19th of July, 1881.

The bill further charges that the complainant then had no knowledge of such report, or of its approval by the county court. And that there are no other assets from which to make his claim. That if allowance is set aside his claim can be paid

in full. The prayer of the bill is that the allowance may be set aside.

The answer of defendants admits, as alleged, the death and appointment of administrator, but denies that Wood is, or was at filing of bill, the administrator of said estate; admits the allowance of complainant's claim, but denies the allegation as to the aggregate of claims allowed; denies the assets to be amount alleged in the bill; admits the appraisement and the setting aside to M. E. Herring of the award; denies that J. V. Herring was not a householder, etc.; denies that complainant had no knowledge of appraisement, etc.; admits award exceeds assets, and that Wood is guardian of minor; avers that Henry C. Wood, as administrator, prior to filing bill herein at the November term of the county court, 1882, made his sworn report under § 59 of chapter on Administration, showing the assets did not equal the award, which report was at said November term approved, and the administrator was ordered to turn over balance to Wood, and he *was finally discharged;* that thirteen parties, naming them, are claimants against said estate, whose claims were probated within two years and are unpaid; that such claimants are proper and necessary parties to the bill in this case. General replication. Upon a hearing of the cause the court found that the said J. V. Herring was not at the time of his death a housekeeper, not the head of a family, and left no widow, and that there were no children residing with him at the time of his death. The decree sets aside the allowance made by the appraisers as to the sum of $50, the amount of complainant's claim, and requires the administrator to pay that amount to the complainants, etc.

It is not alleged, and the proof does not show, any fraud, collusion or improper conduct on the part of the administrator or the court in obtaining the report made by the appraisers or in approving said report after it had been made. The allowance seems meritorious, if it is provided for by the statute. We do not care to discuss that question at this time.

The fourth error assigned is that the court erred in not dismissing complainant's bill, and that raises the main question

in this case, which is, can a bill in chancery be sustained in such a case?

We are disposed to treat the allowance made by the appraisers in this case, as a claim against the estate, and place it upon the same footing as other claims.    Marshall v. Rose, 86 Ill. 376.

But whether it may be regarded as an ordinary claim against the estate or not, can make no difference in this case, because the order of the court approving the report of the appraisers is such an exercise of judicial functions that an appeal will lie from it.    It is a judgment against the estate that may be satisfied by taking property, and if not satisfied in that way, it is paid by the administrator as other judgments are, except that preference is given it by the statute.

The administrator is the sole representative of the personal estate of the deceased.    The title to the personal property vests in him as trustee for the use of the *cestuis que trust* including creditors and heirs.    In the adjustment and recovery of debts and property of the estate, and litigation and settlement of demands upon it, |the administrator represents the creditors, heirs, legatees, and distributees by priority of estate, or by operation of law, so that his acts are binding, and judgments to which he is a party conclude him, the creditors and other claimants of the personalty.    Stone et al. v. Wood, 16 Ill. 184.

A judgment regularly obtained in the absence of fraud or collusion binds the estate to the extent of the personal property, and is conclusive on the heir to that extent; upon an application by the administrator to sell land to pay debts, they may resist the claim and show that it was not just, and that the judgment was improperly obtained.    Even then the judgment rendered in the county court is *prima facie* good as against the heir.    So far as the personal property goes, it is conclusive upon the heir, and he could only show it was incorrect or improper by an appeal from the judgment of the county court.    But the heir may resist the petition to sell the real estate to pay debts, because as before stated, the real estate descends to him, and he holds the title thereto, subject,

Wood v. Johnson.

it is true, to the claims against the estate, but the claims when allowed against the estate do not become liens on the land. The administrator is not his representative as to the real estate, and has, and can have, no interest therein except what is given by the statute. It is therefore that the heir is entitled to a day in court, and may resist the petition to sell the real estate.

If the judgment is conclusive on the heir so far as it affects personal property *a fortiori*, it is conclusive on the creditor. The heir has an interest in the personal property after the payment of debts. The creditor has no interest whatever after his debt is paid.

The administrator is the representative or agent of the creditor. The creditor is privy to the acts of the administrator, and as much bound by the judgments obtained in favor of or against the administrator, as if he was personally present and acting for himself.

If the creditor is dissatisfied with a judgment against the estate, he must appeal; and it can not be said he is not in court because he is there by his representative, and must take notice or use such ordinary diligence as may be necessary to inform himself of the condition of his claim and the estate.

The statute provides for an appeal in such cases. The provision is: Appeals shall be allowed from all judgments, orders or decrees of the county court in all matters arising under this act to the circuit court, in favor of any person who may consider himself aggrieved by any judgment order or decree of such court, and from the circuit to the Supreme Court, as in other cases, and bonds to be fixed by the county or circuit court as the case may be.

The statute evidently contemplates a case like the one under consideration. It is not material or essential that the party aggrieved should be directly a party to the record or suit then pending. It is enough that his interests are affected, or that he may consider himself aggrieved by the judgment of the court.

It is insisted by the appellee that no notice of final settlement was given and that is urged as one of the reasons why

the bill may be maintained. Much that we have already said applies to this position. The statute does not require notice to be given in such cases. If, after filing an inventory and appraisement bill, the administrator discovers that the assets of the estate do not exceed the amount of the widow's allowance after deducting expenses, it is his duty by law to report that fact to the court, and the court, upon such fact being established, directs the assets to be paid to the widow and discharges the administrator from further duty, the costs and expenses being first paid. In case of a discovery of new assets administration may be granted as in other cases. Sec. 59, Chapter 3, R. S. 1874.

The object of this legislative enactment is that insolvent estates may at once be settled up. The administrator being the representative of the deceased both as to debts and assets, and the agent of the creditor, the latter is privy to and must be considered as having notice of the action of the court. Besides, so far as this creditor is concerned, it is immaterial whether notice of final settlement was given or not.

He could not resist the payment of the widow's allowance, that had become a judgment. He could only resist at the time the judgment was entered, and having failed then, he might have appealed, or, not being present at the hearing in the county court, he might in the time prescribed by the statute, have appealed and contested the allowance. It is too late to resist such claim upon a final settlement.

If the action of the administrator was in violation of law, if he improperly allowed a claim or knowingly failed to make a proper defense against an unjust claim, creditors would doubtless have their proper remedy against him on his bond. It is also insisted by appellant, that the bill can not be sustained for want of proper parties. The record shows that thirteen persons other than appellee had probated claims, and obtained judgments against the estate of equal force with that of appellee. Appellant insists that these creditors should have been made parties, and we are inclined to take that view.

It is a rule universally recognized in courts of equity, that

all persons are to be made parties to the suit who have any substantial legal or beneficial interest in the subject-matter of litigation, and who are to be materially affected by the decree which may be pronounced. It is a favorite object of courts of equity to do full and complete justice and thus avoid a multiplicity of actions. In order to do this effectually, it must have all the parties interested before it, so that all their rights can be seen and ascertained and a decree made with a full knowledge of the case. A decree thus rendered will properly bind all the parties, can be safely carried into effect and will effectually prevent all further litigation. Spree v. Campbell, 4 Scam. 436.

Each one of the creditors of the estate has a beneficial interest in the result of this suit and should have been made parties. By doing so the complainant does not lose whatever rights or preferences he may have by being diligent any more than if each of the remaining creditors had interpleaded as they had a right to do.

By this course a multiplicity of suits, as well as a large expenditure of costs, is avoided, and the rights of all the parties determined and adjusted in one proceeding. A want of proper parties may be shown in the answer.

A court of chancery may in the exercise of its general jurisdiction take upon itself the administration of estates. In doing so it will take the entire administration into its hands and administer the estate as provided in the statute, modified perhaps in some cases by the principles of equity. It can not interfere with the county court in the settlement of an estate without taking cognizance of the whole of the administration.

This jurisdiction will not be taken by a court of chancery except in extraordinary cases, and no such reasons are shown in this case. Crain v. Kennedy et al. 85 Ill. 340; Clapp v. Noble, 84 Ill. 62; Freeland, Ex'r, etc., v. Dazey et al. 25 Ill. 295.

The judgment of the circuit court is reversed and cause remanded.

Reversed and remanded.