EDWARD R. BACON, Appellant, *vs.* OTTO E. REICHELT
*et al.* Appellees.

*Opinion filed February 16, 1916.*

1. MECHANICS' LIENS—*party levying attachment on land is a
proper party to a mechanic's lien proceeding.* One who levies an
attachment on land is a proper party to a proceeding to enforce a
mechanic's lien against the premises, and it is his duty to set up in
such proceeding his interest in the premises, as the decree will be
conclusive upon him, not only as to the issues which were actu-
ally made and determined in the case, but also as to every matter
which was properly involved and which might have been raised
and determined.

2. SAME—*object of mechanic's lien proceeding.* The object of
a mechanic's lien proceeding is to adjudicate the amount due the
complainant and to have the interest of the defendant in the prem-
ises sold for the payment of that amount, and if the interest of the
defendant at the time of making the contract is apparently a fee
simple and the contractor has no notice of any other claim against
the land at that time, the lien of the contractor attaches to such
title, and he has a right to have it sold notwithstanding his knowl-
edge of equities acquired after his right accrued.

3. SAME—*right of party to a mechanic's lien proceeding to re-
deem.* One who is made a party to a mechanic's lien proceeding
because he has levied an attachment on the land in aid of his as-
sumpsit suit against the owner, and who files an answer but no
cross-bill, is entitled to redeem the premises at any time within
twelve months from the sale under the decree, but he has no right,
under the statute, to redeem at any later time.

4. RES JUDICATA—*effect of a prior adjudication is not limited
to matters actually determined.* A prior adjudication between the
same parties is conclusive upon them, not only as to the matters
actually determined but as to every other thing within the knowl-
edge of the parties which might have been set up as a ground for
relief or defense.

5. SAME—*when decree in a mechanic's lien proceeding is res
judicata.* If at the time a contract is made the owner of the land
has a fee simple title of record and the contractor has no notice of
any equities, a mechanic's lien attaches to such title even though
an attachment is subsequently levied on the land in aid of an as-
sumpsit suit against the owner, and if the plaintiff in the attach-
ment is made a party to the mechanic's lien proceeding and files

an answer he is bound by the decree ordering the premises sold free and clear of incumbrances, and he cannot re-litigate his claim by a bill to establish a trust in the premises and enjoin the execution of a deed by the master in chancery.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

MOSES, ROSENTHAL & KENNEDY, (WALTER BACHRACH, and SIGMUND W. DAVID, of counsel,) for appellant.

SIMON LAGROU, S. C. IRVING, and EMORY D. FRAZER, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Cook county dismissed for want of equity, upon a hearing, the appellant's bill of complaint, the relief sought by which was a decree declaring certain real estate to have been purchased by the appellee Otto E. Reichelt with the money of the appellant and to be held in trust for the benefit of the appellant, and to enjoin the execution of a deed by a master in chancery upon a sale of such real estate made under a decree in proceedings for the enforcement of a mechanic's lien.

The facts claimed by the appellant and found by the master are, that Otto E. Reichelt, in the years 1910, 1911 and 1912, was in the employ of the appellant and through a series of forgeries and embezzlements appropriated $24,-329.60 of the appellant's money, with a part of which he purchased and obtained the title to the real estate in controversy. The appellant discovered Reichelt's fraudulent appropriation of his money in April, 1912, and on May 14, 1912, began an action of assumpsit in the circuit court of Cook county against Reichelt for the money so misappropriated and caused an attachment in aid to be levied on the real estate in controversy. The cause was tried, and on July 11, 1914, a judgment was rendered in favor of the

plaintiff on the issue in assumpsit but against him on the attachment issue, and the writ of attachment was dismissed. An appeal was taken by the plaintiff and is still pending in the Appellate Court. On May 14, 1912, Reichelt conveyed the premises by warranty deed to the defendant John W. Barker for the purpose of indemnifying Barker as bail for Reichelt on an indictment which had been returned against the latter, and in March, 1914, Reichelt executed a trust deed of the premises to the defendant Andrew J. Redmond for the purpose of securing his promissory note for $6000, payable to and indorsed by himself, for the purpose of securing the attorneys' fees and expenses of the defendants Andrew J. Redmond, B. A. Dunlap and Simon LaGrou while acting as attorneys for Reichelt. The defendant Emil Wetzel was engaged in the wire and iron works business, and prior to May 12, 1912, erected upon and around the real estate in question an iron fence for Reichelt, for which the latter was indebted to Wetzel in the sum of $1595.20, for which Wetzel filed a bill in the circuit court of Cook county to establish and foreclose his mechanic's lien. The appellant, as well as Reichelt, was made a defendant and answered, admitting Reichelt's ownership of the premises prior to April 24, 1912, but filed no cross-bill, though he had then knowledge of all the facts upon which the present bill is founded. The mechanic's lien proceeding was referred to a master, and in the taking of testimony it was stipulated on the part of appellant that on April 24, 1912, and prior thereto, Reichelt was the owner in fee simple of the premises in controversy and that the interest of appellant in such premises arose under an attachment suit filed by him against Reichelt, in which a levy had been made upon the interest of Reichelt in the premises. The master made a report, in accordance with which a decree was entered, finding, among other things, that Reichelt was the owner of the premises in fee simple; that the appellant's interest arose by virtue of the attachment suit; that Wet-

zel was entitled to a lien on the premises for $1595.20 and costs, and ordering a sale of the premises free of all claim, title and interest of the parties to the cause. Under this decree the master sold the premises on January 31, 1914, to Wetzel for the sum of $1800. At the time Wetzel erected the fence on the premises he had no knowledge of the manner in which Reichelt had acquired title to the premises or of the appellant's rights in them, if any, but before his purchase under the decree he was informed of Reichelt's defalcation and of the manner in which he had obtained the title. No redemption has been made from the master's sale. After the expiration of twelve months and before the expiration of fifteen months from the date of the sale Wetzel sold the certificate of sale to the defendant Redmond, who purchased for the benefit of himself, LaGrou and Dunlap with money obtained by means of a loan from the defendant Reinhold Anders, to whom the certificate of sale was delivered, with the understanding that he was to have a first mortgage on the premises for his loan as soon as a master's deed was obtained therefor.

The appellant was a defendant to the proceeding to enforce the mechanic's lien, and under the statute had a right to redeem the premises at any time within twelve months from the sale. He had no right, under the statute, to redeem at any later time. He was properly made a defendant to the proceeding under the Mechanic's Lien act, section 7 of which requires all parties interested to be made defendants, and declares that parties in interest, within the meaning of the act, shall include "all persons who may have any legal or equitable claim to the whole or any part of the premises upon which a lien may be attempted to be enforced under the provisions thereof, or who are interested in the subject matter of the suit." It was the duty of the appellant to set up in that proceeding his interest in the premises, and the decree in that case is conclusive upon him, not only as to the issues which were actually made and

determined in the case, but also as to every matter which was properly involved and which might have been raised and determined. A prior adjudication between the same parties is conclusive upon them, not only as to the matters actually determined, but as to every other thing within the knowledge of the parties which might have been set up as a ground for relief or defense. *Ruegger* v. *Indianapolis and St. Louis Railroad Co.* 103 Ill. 449; *Rogers* v. *Higgins,* 57 id. 244; *Hamilton* v. *Quimby,* 46 id. 90; *Roby* v. *Calumet and Chicago Canal and Dock Co.* 165 id. 277.

The object of the mechanic's lien proceeding was to adjudicate the amount due the complainant and have the interest of the defendant Reichelt in the premises sold for the payment of that amount. The statute provides that whatever right or estate the owner had in the land at the time of making the contract may be sold in the same manner as other sales of real estate are made under decrees in chancery. At the time of making the contract Reichelt appeared to be the owner in fee simple of the premises. That was the title to which the lien of Wetzel attached and it was that title which he had a right to have sold for the payment of his claim. Subsequent conveyances were made and subsequent liens accrued, but they did not affect the prior right of Wetzel to have the premises sold. They were all subject to the priority of his claim. Each one of the parties to the suit was required to set up everything within his knowledge which might constitute a ground for relief or defense. Wetzel had a right to a decree for the sale of the premises, unincumbered. Nothing affecting that right was set up in the answers filed and he obtained such a decree. His right, or the right of any other person to purchase, was not affected by knowledge of equities acquired subsequent to the accruing of his right. The master's sale was of the title in fee simple, free of any right or interest of any of the parties to the suit, and the purchaser acquired the title free of any right of redemption or of any right

to the property by reason of its having been purchased by Reichelt with the appellant's funds which Reichelt had embezzled or otherwise unlawfully obtained.

The decree of the circuit court was right and it will be affirmed.

· *Decree affirmed.*