Ragwald Brandt, Appellant, v. St. Paul Mercury Indemnity Company, Appellee.

Gen. No. 38,475.

Opinion

filed April 22, 1936.

H. KAY GEORGE and MARTIN ROTHMAN, both of Chicago, for appellant.

HAMER & CAMPBELL, of Chicago, for appellee; CHESTER D. KERN, of Chicago, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal by Ragwald Brandt, plaintiff, from a judgment and order entered in the circuit court of Cook county, dismissing the suit at plaintiff's costs. The action as shown by the statement of claim was one in contract on a policy of automobile liability insurance to recover damages in the sum of $10,000, resulting from personal injuries sustained by plaintiff due to the negligence of W. O. Helwig, the assured named in said policy.

Plaintiff further alleges that on or prior to November 15, 1931, the St. Paul Mercury Indemnity Company issued a policy of liability insurance to one W. O. Helwig, covering the automobile of said Helwig and at that time there was in force and effect in the State of Wisconsin the following statute:

"85.93—Accident insurance, Liability of insurer. Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, irrespective whether such liability to be *in praesenti* or contingent and to become fixed or certain by final judgment against the insured, when caused by the negligent operation, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy." (Wisconsin Statutes, 1929.)

Plaintiff further alleges that on November 15, 1931, the said Helwig negligently operated an automobile so that it ran into, upon and against the automobile of

plaintiff, thereby injuring the said plaintiff and damaging plaintiff's automobile. Plaintiff sustained injuries to his body, head and limbs, etc., wherefore he alleges that the defendant, as the insurer of W. O. Helwig became liable and is indebted to him in the sum of $10,000. The accident occurred at or. near the town of Sturdevant, in the county of Racine and the State of Wisconsin.

Plaintiff's theory of the case is that the cause of action is brought on a written contract; that the statute of limitations on a written contract does not bar the action and that by virtue of the above named statute of the State of Wisconsin, it is not necessary to have a determination between the injured party and the assured as to the liability of the assured before his action can be brought; that there is no evidence in the record that there has been a prior adjudication between the same parties and the same subject matter in a prior suit.

Defendant's theory of the case is that the cause of action of the plaintiff is based upon a tort and therefore the statute of limitations affecting suits in torts has barred the action; that there is nothing in the complaint to predicate an action against the defendant company before there is a determination of liability against the assured and that the same subject matter upon which plaintiff's cause of action is based has been adjudicated.

A special appearance and motion was entered by the defendant, St. Paul Mercury Indemnity Company, asking the court to dismiss the complaint for want of jurisdiction as to the person and the subject matter and giving several reasons therefor, among them being, that the cause of action had expired by virtue of the statute of limitations. With said motion there was filed the equivalent of a plea of *res judicata,* asking the court to exercise its general jurisdiction to pass upon

the statute of limitations and plea of *res judicata.* This action by the defendant operated of itself to overrule the special appearance and to make the same the equivalent of a general appearance. Among the other things which it set up on its motion to dismiss was the fact that a suit had been commenced prior to that time for the same cause of action predicated on the same trespass and acts of negligence. This action had been commenced in the superior court between the same parties and on a hearing in that court on January 4, 1935, the following order was entered:

"Ragwald Brandt
v.
W. O. Helwig
and
St. Paul Mercury
Indemnity Co.,
a corporation.

LAW

SUPERIOR COURT OF COOK COUNTY

No. 551281      Jan. Term, 1935.

"On motion of attorneys for defendant, St. Paul Mercury Indemnity Co., a corporation, appearing by special and limited appearance for the sole and limited purpose of questioning the court's jurisdiction of said defendant of the subject matter of said suit, the court after full argument and being fully advised in the premises, orders:

"It is hereby ordered that the said motion is hereby overruled as to all points raised by the said defendant except as to the bar of the statute of limitations and said motion is sustained on the ground that it appears that the cause of action set up in said amended complaint was barred solely as to said defendant at the time of the filing of said amended complaint, more than two years having elapsed since the happening of the matters set out in the original declaration filed in this cause. It is further ordered that said defendant

is hereby dismissed out of said cause at plaintiff's costs.

· "ENTER:

FRANK H. HAYES (Signed)
JUDGE.

"Dated Jan. 4, 1935."

This order as before stated was contained in the verified motion of defendant in this cause. Thereupon this cause came on for hearing on the motion in the circuit court where, after a hearing, the following order was entered:

"State of Illinois ⎱
  County of Cook ⎰ ss.

CIRCUIT COURT OF COOK COUNTY.

RAGWALD BRANDT ⎫
v. ⎪
ST. PAUL MERCURY INDEMNITY ⎬ GEN. No. 35–C–3809
COMPANY, ⎪
a corporation. · ⎭

"On motion of . . . . . . . . . . . . . . . . . . . . . . .solicitor for
. . . . . . . . . . . . . . . . . . . . . . .

"This cause coming on to be heard upon the defendant's Special Appearance and Motion filed herein to dismiss this cause, after arguments of counsel and due deliberation by the Court, said motion is sustained and the cause dismissed at plaintiff's costs.

"THEREFORE, it is considered by the Court that the plaintiff take nothing by his said suit and that defendant go hence without day and do have and recover of and from the plaintiff, RAGWALD BRANDT, its costs and charges in this behalf expended, and have execution therefor.

"ENTER: D. J. NORMOYLE (Signed)
JUDGE

Chicago, . . . . . . . . . . . . . ."

No appeal was taken from the order entered in the superior court and it remains in full force and effect

and no objection was made to the order entered in the circuit court. In addition to this, however, the order entered in the superior court not having been appealed from would be binding on the parties thereto as to all issues therein involved and would be *res judicata* as to maintaining the same suit between the same parties on the same cause of action in the circuit court.

It is contended that the defendant did not maintain the burden of proving a prior adjudication under its defense of *res judicata*. Under the Practice Act, chapter 110, par. 176, sec. 48, Ill. State Bar Stats. 1935, where affidavits are made as to certain facts and filed and no contradiction is made thereto, this court will presume that the trial court had sufficient evidence before it to justify its entering the order. This is particularly true where the record shows no request by plaintiff to submit the facts alleged in said motion to a jury. No error was committed by the trial court in dismissing the said suit and entering the order which it did.

For the reasons herein given the order and judgment of the circuit court is affirmed.

*Order and judgment affirmed.*

HALL, P. J., and HEBEL, J., concur.