People ex rel. Salvatore DeCola et al., Appellants, v.
United States Fidelity and Guaranty Company,
Appellee.

Gen. No. 41,148.

Opinion filed October 1, 1940.

Gustave E. Riedl, of Chicago, for appellants.

Eugene P. Kealy, of Chicago, for appellee; Edmund L. McGibbon, of Chicago, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Salvatore DeCola, Rose DeCola and Marie Paul, surviving children of Fred S. DeCola, deceased, in the name of the People, brought this suit on the bond of Dominic H. Valens, the administrator of their deceased father's estate against the surety, the United States Fidelity and Guaranty Company, a corporation, to recover for the claimed derelictions of the administrator. The surety company filed its motion to strike the complaint and to dismiss the suit on the ground that the matters involved had been adjudicated by the probate court and the circuit court, and in support of its motion also set up that it had been released from all liability. The motion was supported by an affidavit filed pursuant to § 48, ch. 110 of the Civil Practice Act, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.048]. The motion was sustained, the complaint stricken, the suit dismissed and plaintiffs appeal.

It is alleged in the complaint that Fred S. DeCola died intestate August 12, 1926, leaving his widow and his three children by a former marriage, the relators (who will be referred to as plaintiffs), his heirs. His estate was probated in the probate court of Cook county and letters of administration were issued February 10, 1927, to Dominic H. Valens. Valens executed his bond for $20,000 with defendant, the United States Fidelity and Guaranty Company, as surety. Afterward, October 9, 1930, the probate court revoked the letters of administration issued to Valens and ordered him to file a final account and to turn over the property of the estate to his successor, Carl Laurie, who was then appointed administrator *de bonis non*. It is fur-

ther alleged that the administrator Valens disregarded his duties in that he collected some cash and converted it to his own use. Other derelictions of duties were alleged against the administrator, one of which was that the deceased was an undertaker and at the time of his death had a number of accounts due and owing which it was the duty of the administrator to collect, but that he failed to do so; that there was certain personal property in the nature of undertaker's supplies and equipment belonging to the estate which was worth in excess of $10,000, but that Valens, in disregard of his duties as administrator sold such property for $48 without having it appraised and without being authorized by the probate court to make the sale. The damages were laid at $20,000—the amount of the bond.

1. Defendant contends that the matters involved for which plaintiffs sue were adjudicated in that when Valens filed his final account pursuant to the order of the probate court, plaintiffs filed objections to it and that the subject matter of the objections was the same as the subject matter alleged in the complaint; that after hearing the objections to the account, the probate court sustained some of them, overruled others and ordered Valens, the administrator, to pay into the estate $1,246 for and on account of his liability to the estate; that from this order of the probate court, Valens appealed to the circuit court of Cook county; that the appeal was perfected and the hearing had in the circuit court before Judge TRUDE and July 9, 1937, an order was entered by the circuit court adjudging that Valens pay to the estate $1,005 for and on account of his liability to the estate; that the circuit court further ordered that upon failure of Valens, the administrator, to pay the $1,005, defendant, United States Fidelity and Guaranty Company, the surety on the bond, should pay that sum to the administrator *de bonis non* of the estate; that pursuant to the judg-

ment of the circuit court, the surety company, July 28, 1937, paid the judgment and the judgment was satisfied by the administrator *de bonis non* on the record of the circuit court.

2. The other defense interposed was that at the time of the payment of the $1,005, the administrator *de bonis non* executed a release which is in the record and is the usual form. It acknowledges receipt of the $1,005 in payment of all claims against Valens or his surety.

Plaintiffs' counsel says that the judgment entered by the circuit court and the payment of it by defendant surety company, does not bar the instant case because § 25 of ch. 3, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 110.026], authorizes successive suits on an administrator's bond, provided the aggregate of the judgments does not exceed the penalty named in the bond.

Section 25 provides that suits may be brought on an executor's or administrator's bond and ''such bonds shall not become void on the first recovery thereon, but may be sued upon, from time to time, until the whole penalty shall be recovered.'' In support of the contention counsel cites *People v. Randolph,* 24 Ill. 324. In that case suit was brought in the name of the People for the use of Burgstresser & Co. on an administrator's bond assigning as breaches the wasting and misapplying of the property of the deceased and a prior suit on the bond was interposed as a defense. The court held the defense good and entered judgment for defendant, but on appeal to the Supreme Court the judgment was reversed. The court there said: ''The record in this case presents the question, whether one recovery on an executor's bond may be pleaded as a bar to another recovery on the same instrument, in an action instituted for the benefit of another person. It is insisted that after a recovery, all persons who desire to recover damages for a breach of duty by the executor, must make themselves parties to the former recovery.'' But

the court held under the language of the statute, which is substantially the same as § 25 above quoted from, that the defense was unavailing. In the instant case plaintiffs are the same parties (they seek the same relief for the same damages), who objected to the final account filed by Valens and not *another* person as was the fact in the *Randolph* case.

Counsel further contends that before the doctrine of *res judicata* can be interposed as a bar there must be identity of parties in the two actions and the issues and the relief sought must be identical, citing *Ropacki v. Ropacki,* 354 Ill. 502; that a prior judgment between the same parties will not operate as a bar if there is any uncertainty as to whether more than one issue was presented to the court in the first case, and *People v. Hart,* 332 Ill. 467, is relied upon and that the burden of proof to sustain these contentions is on the defendant who interposes such defense. *Brown v. Brown,* 286 Ill. App. 471.

The doctrine of *res judicata* is a bar to an action between the same parties where the same relief is sought. It is also binding upon their privies and other persons who are estopped because they were represented in the first action. *Cole v. Favorite,* 69 Ill. 457; *Wood v. Johnson,* 13 Ill. App. 548. This doctrine is further limited not only to the issues actually involved and determined in the first suit but extends to every other matter which might have been raised and determined. *Bacon v. Reichelt,* 272 Ill. 90. There is another equally well established rule of law that a prior judgment is a bar to a subsequent suit even if the issues and the relief sought were not identical, where a material fact in litigation has been determined. *Little v. Blue Goose Motor Coach Co.,* 346 Ill. 266.

In the instant case the record discloses that plaintiffs are seeking to recover for the same derelictions of Valens as were involved when they filed their objections to his final report in the probate court and the

property they sought to have the administrator account for includes the same property they seek to recover in the instant case. We think all the questions plaintiffs seek to have determined in their favor in the instant case might have properly been raised and determined by the probate and circuit courts, and in these circumstances the judgment of the circuit court of Cook county is *res judicata* of all matters involved in the instant case. *Bacon v. Reichelt,* 272 Ill. 90.

We are further of opinion that the execution of the release by the administrator *de bonis non* is binding upon plaintiffs. There is no showing or contention that the release was obtained through fraud or mistake. *Wood v. Johnson,* 13 Ill. App. 548; *Potter v. Clapp,* 203 Ill. 592 (68 N.E. 81).

In the *Wood* case it was held that the administrator was the sole representative of the personal estate of the deceased and that ''In the adjustment and recovery of debts and property of the estate, and litigation and settlement of demands upon it, the administrator represents the creditors, heirs, legatees, and distributees by priority of estate, or by operation of law, so that his acts are binding, and judgments to which he is a party conclude him, the creditors and other claimants of the personalty. *Stone et al. v. Wood,* 16 Ill. 184.''

Since there was no counter affidavit to the affidavit of defendant setting up the facts in support of its motion to strike, the allegations of the supporting affidavit, are to be taken as true. *Brandt v. St. Paul Mercury Indemnity Co.,* 285 Ill. App. 212; *Koerner v. Apple,* 199 N. Y. S. 171; *Swan v. F. W. Woolworth Co.,* 222 N. Y. S. 111.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

MATCHETT, J., and McSURELY, J., concur.