**Stella C. Davis, Plaintiff-Appellant, v. Ray M. Foreman, Defendant-Appellee.**

Gen. No. 9,992.

Third District.

May 16, 1955.

Rehearing denied July 21, 1955.

Released for publication July 21, 1955.

Stella C. Davis, pro se, of Chicago, plaintiff-appellant.

Foreman & Meachum, of Danville, for defendant-appellee.

MR. JUSTICE HIBBS delivered the opinion of the court.

Stella C. Davis filed her complaint on July 11, 1953 in the circuit court of Vermilion county alleging that the defendant Ray M. Foreman, an attorney licensed to practice in the State of Illinois, had procured certain of her personal papers by fraud, had assumed to act as her attorney while acting as the attorney for the First National Bank of Mattoon, administrator of the estate of her deceased father, although there was a conflict of interest between herself and the bank, and had fraudulently procured her signature to a petition nominating the bank as such administrator. She asked for damages in the sum of $50,000. On August 17, 1953 Foreman filed his motion to strike the complaint on the ground that it contained false, impertinent and scandalous matter. Attached to the motion to strike were affidavits signed by Foreman and by Clyde Meachum and Kenneth H. Clapper, licensed attorneys associated with Foreman. Foreman's affidavit states in substance that he proceeded with the administration of the father's estate with Miss Davis' co-operation and consent for some time, that later, as time for closing the estate approached, Miss Davis complained that the administrator had failed to find all of the assets of the estate, that she filed a petition in the county court to withdraw her original petition nominating the Mattoon Bank as administrator and to revoke its letters, and also filed objections to the administrator's final account and petition for fees. These matters were heard by the county court who denied the prayer of the petitions, approved the administrator's final account and fixed fees. On appeal the matter of fees was heard de

.novo in the circuit court. No further appeal was taken. The affidavit further states that all questions now raised by the complaint in this cause were determined in the probate proceedings.

The affidavit of Meachum and Clapper recites the papers, which Miss Davis complains were taken from her by deceit and improperly kept from her, were tendered to her and that she refused to accept them.

On October 23, defendant's motion to strike was allowed, but plaintiff was given leave to file an amended complaint, which she did. A similar motion to strike with like affidavits was thereupon filed by defendant, and on April 9, 1954 this motion was granted and the complaint was dismissed. Plaintiff has appealed to this court.

■ We have carefully examined plaintiff's amended complaint. Ordinarily, as she contends, the allegations of fact in a complaint challenged by a motion to strike must be taken as true and all doubts are resolved in their favor. (Keefer v. United Elec. Coal Companies, 292 Ill. App. 36, 10 N.E.2d 836.) Such a motion, however, does not admit conclusions of law or general charge of fraud such as those set out in the instant case. (Hummel v. Cardwell, 335 Ill. App. 337, 81 N.E.2d 381.) Moreover since defendant supported his motion with affidavits, the facts stated therein must be accepted as true in the absence of counteraffidavits on behalf of plaintiff. (People ex rel. DeCola v. United States Fidelity & Guaranty Co., 306 Ill. App. 518, 29 N.E.2d 289; Brandt v. St. Paul Mercury Indemnity Co., 285 Ill. App. 212, 1 N.E.2d 873.) In the absence of such counteraffidavits, the circuit court had no choice but to hold that Miss Davis' complaint was vulnerable to defendant's motion to strike and properly dismissed it.

The judgment of the circuit court of Vermilion county is therefore affirmed.

Judgment affirmed.