Esther N. Smith, Plaintiff-Appellant, v. Estate of Theodore O. Womack, Deceased, Cloyce Womack, Defendant-Appellee.

Gen. No. 10,094.

Third District.

May 2, 1958.

Released for publication May 19, 1958.

Dyer, Richmond & Moore, of Hoopeston (C. F. Dyer, Kenneth L. Richmond, and Joseph C. Moore, of counsel) for appellant.

Hutton, Clark & Hutton, of Danville, for appellee.

JUDGE REYNOLDS delivered the opinion of the court.

In this opinion, for the purpose of identification, the plaintiff-appellant, Esther N. Smith, will be referred to as the "plaintiff" and the defendant-appellee, Cloyce Womack, will be referred to as the "defendant."

Esther N. Smith, the plaintiff, filed her claim in the Probate Court of Vermilion county against the Estate of Theodore O. Womack, Deceased, for care, services, nursing, cash loans and advances. Esther N. Smith, being the executor of said estate, the Probate Court appointed a special administrator and guardian ad litem to represent the estate upon the hearing of said claim. A hearing on the claim was had in the Probate Court without a jury, and the claim was allowed as a seventh class claim in the amount of $4,000. The defendant, Cloyce Womack, one of the heirs of decedent Theodore O. Womack, deceased, filed an appeal bond in the Probate Court of Vermilion county, Illinois, and paid the required filing fee therefor, appealing from the order of the Probate Court allowing the claim. Later, Cloyce Womack, defendant herein, filed his motion in the Circuit Court to dismiss the claim of Esther N. Smith, plaintiff herein, and for grounds for said motion, contended that the claim was barred by a prior chancery suit decree and that the plaintiff was estopped by reason thereof. The prior chancery suit was one brought in the Circuit Court by Cloyce Womack and two other heirs and beneficiaries under the will of Theodore O. Womack, deceased, against Esther N. Smith, plaintiff herein, wherein it was decreed that said Esther N. Smith was the constructive trustee for

266

the benefit of the estate and heirs of said Theodore O. Womack, and ordered her to pay said sum back into the estate.

To the appeal and motion to dismiss the claim, Esther N. Smith filed a special and limited appearance and motion to dismiss the appeal to the Circuit Court from the Probate Court on the grounds that no notice of the time when the appeal bond was presented to the Probate Court for approval was given to each person who had entered his written appearance in the said proceeding, and that the appeal bond was defective in that the condition of the bond was improper and incorrect. Later, the plaintiff filed a jury demand in the case. The Circuit Court of Vermilion county, on January 17, 1956, entered its order and judgment denying the motion to dismiss the appeal of Cloyce Womack from the Probate Court and allowing the motion of the said Womack to dismiss the action and claim of the plaintiff on the grounds of res judicata and estoppel. From that order and judgment Esther N. Smith, plaintiff, appealed to this court.

This court in an opinion filed February 26, 1957, held that the defendant did not comply with Section 330 of the Probate Act, Chapter 3, Illinois Revised Statutes (1955), in that he failed to give notice to each person who had entered his written appearance in the proceedings of the time when the appeal bond would be presented to the Probate Court for approval. This court held that an appeal to the Circuit Court from an order of the Probate Court in estate proceedings is wholly statutory, and strict compliance of the statute granting such right is required, and that since the defendant had not given notice as required by said Section 330 of the Probate Act, that the Probate Court lacked jurisdictional authority to approve such appeal bond and reversed the judgment of the Circuit Court. The question of res judicata and estoppel was not passed upon, this court taking the position that if

there was no jurisdiction, there was no necessity to pass on the other points.

The judgment of this court was appealed to the Supreme Court, and the Supreme Court reversed it (12 Ill.2d 315) holding that while there must be substantial compliance of the provisions of the statute covering jurisdiction of the court, the construction is not to be so narrow or technical as to defeat the intention of the Act. The Supreme Court held that the question of the sufficiency of the appeal bond could have been raised in the Circuit Court by motion, and that the only effect of not giving the statutory notice as provided by the amendment of 1955 was to postpone the right of questioning the sufficiency of the appeal bond and held that the failure to give the notice was not jurisdictional. The cause was remanded to this court to determine the other matters assigned as error. This leaves only the question of whether or not the decree in the former chancery case is res judicata of the instant case and whether or not the plaintiff is estopped to present her claim.

In order for this court to pass on the question raised of res judicata and estoppel, by reason of the prior chancery suit, it is necessary to examine the decree of that case which was admitted into the record of this case by stipulation of the parties. In the chancery case Cloyce Womack, defendant here, with William Morton Womack and Robert Roy Womack, his minor children, by Cloyce Womack as next friend, as heirs of Theodore O. Womack, deceased, sued Esther N. Smith, plaintiff here, to recover for the estate the sum of $4,000. The facts as determined by the decree, found that a confidential and fiduciary relationship existed between the said Esther N. Smith and the decedent for several years prior to his death. That on April 7, 1952, the said Theodore O. Womack, at the advice and suggestion of the said Esther N. Smith, purchased with his

own funds and money, a certificate of membership and deposit in the First Federal Savings and Loan Association of Chicago, Illinois, in the sum of $4,000, by endorsing and delivering to said Savings and Loan Association a cashier's check payable to said Theodore O. Womack, issued by the Second National Bank of Danville, Illinois, on the account of said Theodore O. Womack, in said bank. That the said Theodore O. Womack furnished all the consideration for said certificate of membership and deposit in the said Savings and Loan Association, but said certificate of membership and deposit was made out in the name of Theodore O. Womack and Esther N. Smith, as joint tenants, with right of survivorship.

The court further found in the decree that one day after the death of Theodore O. Womack, without informing the said Savings and Loan Association of the death of Theodore O. Womack, the said Esther N. Smith withdrew from the association the sum of $4,000 and cancelled the membership. That the said Esther N. Smith, who had been appointed as Executor of the Estate of Theodore O. Womack, Deceased, did not list or include in the inventory of the estate the said $4,000 or any part thereof.

And the court held that by reason of the confidential and fiduciary relationship declared to exist, that Esther N. Smith was the constructive trustee of said sum of $4,000 she received from the said Savings and Loan Association for the use and profits of said Theodore O. Womack and his Estate, and Esther N. Smith was ordered to deliver forthwith to herself, in her capacity as Executor of the Estate of Theodore O. Womack, Deceased, the said sum of $4,000.

On these facts, as disclosed by the decree the defendant claims that the matter of the claim of said plaintiff is res judicata and that the plaintiff is estopped to assert her claim against the estate.

269

■ It is well settled by the law of Illinois, that identity of parties is essential to the defense of res judicata or estoppel by verdict. As said in the case of Sweeting v. Campbell, 2 Ill.2d 491, at page 496: "It is well settled, as appellees concede, that the doctrine of res judicata does not operate against or in favor of one who is neither a party nor in privity with a party to the former action. (30 Am. Jur., Judgments, sec. 220; Hart v. Brown, 404 Ill. 498; Hedlund v. Miner, 395 Ill. 217; Ohio National Life Ins. Co. v. Board of Education, 387 Ill. 159; Newberry Library v. Board of Education, 387 Ill. 85.) As observed in Hedlund v. Miner, 'The doctrine is bottomed on the ground that the party to be affected, or someone with whom he is in privity, has litigated or has had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction.' "

■ Relating to the doctrine of res judicata, "privity" has been defined as contemplating a mutual or successive relationship to the same property rights which were the subject of prior litigation. Sweeting v. Campbell, 2 Ill.2d 491. A privy to a judgment or decree is one whose succession to the rights of property thereby affected occurred after the institution of the particular suit, and from a party thereto. Freeman on Judgments (3rd ed.) sec. 162; Orthwein v. Thomas, 127 Ill. 554; Sweeting v. Campbell, 2 Ill.2d 491.

In an action for accounting, wherein defense raised was that doctrine of res judicata applied because issues in proceedings to discover assets in probate court were identical and were decided in favor of defendants, it appearing that there were additional parties defending, and same parties defending in different capacities, than in probate proceedings, held that there was no identity of parties and doctrine of res judicata was not applicable as bar to plaintiff's action. Trachtenberg v. Fuerstenberg, 327 Ill. App. 215.

270

■ The defendant contends that the doctrine of res judicata applies, where there is a subsequent suit between the same parties, their privies, or those whom they adequately represented in their prior suit. In the case of People ex rel. v. United States Fidelity & Guaranty Co., 306 Ill. App. 518, at page 522, the court there said: "The doctrine of res judicata is a bar to an action between the same parties where the same relief is sought. It is also binding upon their privies and other persons who are estopped because they were represented in the first action. Cole v. Favorite, 69 Ill. 457; Wood v. Johnson, 13 Ill. App. 548. This doctrine is further limited not only to the issues actually involved and determined in the first suit but extends to every other matter which might have been raised and determined. Bacon v. Reichelt, 272 Ill. 90. There is another equally well established rule of law that a prior judgment is a bar to a subsequent suit even if the issues and the relief sought were not identical, where a material fact in litigation has been determined. Little v. Blue Goose Motor Coach Co., 346 Ill. 266."

■ The case of Harding Co. v. Harding, 352 Ill. 417, cited by defendant defines the doctrine of res judicata in the following language: "The doctrine of res judicata is, that a cause of action finally determined between the parties on the merits, by a court of competent jurisdiction, cannot again be litigated by new proceedings before the same or any other tribunal, except as the judgment or decree may be brought before a court of appellate jurisdiction for review in the manner provided by law. A judgment or decree so rendered is a complete bar to any subsequent action on the same claim or cause of action, between the same parties or those in privity with them. The doctrine extends not only to the questions actually decided but to all grounds of recovery or defense which might have been presented."

271

■ It is equally well settled that identity of the subject matter is essential to the defense of res judicata or estoppel. Some of the cases cited heretofore in this opinion clearly hold and enunciate that principle. In the case of Pillsbury v. Early, 324 Ill. 562, a situation somewhat analogous to this case was presented. In that case Mary L. Pillsbury, who was not of kin to one John Early, after his death, brought her suit for specific performance of a parol agreement between her and the decedent, Early. The suit was dismissed for want of equity. Afterwards, Mary L. Pillsbury filed her claim in the Probate Court against the estate of John Early, for services rendered. To the claim in Probate Court, the administrator of the estate raised the question of res judicata, on the ground that the decree in the suit for specific performance was res judicata of the issues involved in the claim for services rendered in the Probate Court. The court in passing on the question of res judicata said: "The decree in the chancery suit was not res judicata as to all of the matters involved in the instant case and did not constitute a bar to the prosecution of plaintiff's claim for labor and services. While the rule is that when some specific fact or question has been adjudicated and determined in a former suit and the same fact or question is again put in issue in a subsequent suit by the same parties, the determination in the former suit, if properly presented and relied upon, will be conclusive upon the parties in the subsequent suit without regard to whether the cause of action in each case is the same (Dempster v. Lansingh, 244 Ill. 402), yet where the former adjudication is relied on as an answer and a bar to the whole cause of action it must appear that the things sought to be recovered and the cause of action in both suits are the same (Hanna v. Read, 102 Ill. 596; Silurian Oil Co. v. Neil, 277 Ill. 45); and that the former judgment necessarily involved the determination of the

272

same fact to prove or disprove which it is offered in evidence. (Wells v. Robertson, 277 Ill. 534.) The issues in the chancery case and in the instant case were not the same. The chancery suit was for the specific performance of an express contract, and to entitle plaintiff to a decree in that suit it was necessary that she prove, among other things, such express contract by clear and convincing proof. Plaintiff was not of kin to the deceased, and in the instant case it was not necessary that she should prove that the services were rendered under an express contract but recovery could be had upon an implied contract as well. (Heffron v. Brown, 155 Ill. 322; Switzer v. Kee, 146 Ill. 577; Miller v. Miller, 16 Ill. 296.) Neither did the prosecution of the chancery suit constitute an election of remedies and so operate as an estoppel to a recovery in this suit. (Fletcher v. Osborn, 282 Ill. 143; Aldrich v. Aldrich, 287 Ill. 213.)"

In the case of In re Estate of Betts, 2 Ill.App.2d 453, the order of the county court fixing the amount of the inheritance taxes due the State was raised as res judicata against a claim of the executor for additional attorney's fees. And the court in that case held that the order of the county court fixing the amount of the taxes due was only res judicata for the purpose of determining the amount due the State as inheritance taxes.

In the case of Strauss v. Strauss, 363 Ill. 442, involving the fixing of inheritance taxes in an estate held that this did not amount to an adjudication of the rights of one claiming an interest in the estate, and that he was not estopped to so claim.

■ Applying the law as stated in these cases it is apparent that the defense of res judicata or estoppel in this case is not applicable. In the former chancery case the only issue was to declare a constructive trust and to compel the payment of the sum of $4,000. The de-

fendant in that case and plaintiff here, Esther N. Smith was sued in her individual capacity, and not as a claimant. The question of her claim against the estate was not litigated or raised, and no fact was raised or determined in the chancery case that is in issue in this case. The matters involved therein were not the same and the parties were not the same. In that case it was the heirs of the estate against the defendant in her individual capacity. In this case it is the plaintiff against the estate. Neither the parties nor the subject matters were identical, and the defenses of res judicata and estoppel are not available to the defendant.

For the reasons stated, the cause is remanded to the Circuit Court of Vermilion county for trial on the merits of the claim of the plaintiff against the estate of Theodore O. Womack, Deceased.

Reversed and remanded.

CARROLL, P. J. and ROETH, J., concur.